GOODMAN et al. v. MARGOLIES et al.

(Supreme Court, Appellate Term, First Department.   June 26, 1916.)

1. Brokers ⬦86(1)—Compensation—Sufficiency of Service—"Purchase."
    In a broker's action for commissions, a written agreement of purchase, entered into between defendants and customer introduced by plaintiff, was a "purchase," within the meaning of an agreement whereby plaintiff was to procure a purchaser of defendant's restaurant business, and on production of written agreement plaintiff established a prima facie case.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 117, 118; Dec. Dig. ⬦86(1).

    For other definitions, see Words and Phrases, First and Second Series, Purchase.]

2. Brokers ⬦54—Sufficiency of Service of Broker—Bringing the Parties Together.
    Where a broker procured a customer who signed an agreement to purchase defendant's restaurant business, the fact that the customer was not ready to pay cash at the time appointed for the closing of the deal or for some other reason the agreement of sale was not performed, was not a breach of plaintiff's agreement to procure a purchaser, since, if the purchaser breaks his contract, he is responsible for such breach to the defendants.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75-81; Dec. Dig. ⬦54.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Goodman and others against Jack Margolies and others. From a judgment dismissing the complaint, the plaintiffs appeal. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Leopold Freiman, of New York City, for appellants.

A. L. Kalman, of New York City, for respondents.

GUY, J. The complaint alleges that the plaintiffs at the request of the defendants, and in consideration of the payment of $165, agreed

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to procure a purchaser of defendants' restaurant business in this city, that the plaintiffs procured a purchaser of said business and performed all the conditions of their agreement with defendants, but that the defendants failed to pay the agreed compensation.

It appeared that plaintiffs introduced to defendants one Kromberg, and that after a conference he made an agreement in writing with the defendants to purchase the business on the terms stated therein and paid a deposit of $150. On the cross-examination of the plaintiff Goodman he was asked how many times the parties met after the making of the contract at the office of the lawyer who drew the agreement. This question was objected to, but the objection was overruled, and plaintiffs' counsel then moved to amend the complaint, so as to allege that plaintiffs brought a customer ready, able, and willing to purchase, whereupon the court said:

"You agreed to procure a purchaser. You were employed to get a purchaser. You did not get a purchaser, because nobody purchased."

And the motion to amend was granted. It further appeared, however, that at the time set for the closing of the contract, on a Saturday evening, Kromberg did not have all the money, and defendants would not take a check; that Kromberg said he had money in Jarmalowsky's bank, and he said that Jarmalowsky did not pay out any money on Saturday night, but if defendants would go to Jarmalowsky he would put his money in their name; and one of the defendants then said, "I do not want anything," and he went away, and defendants afterwards paid the deposit back to Kromberg. The attorney who drew the agreement of sale testified that at the time set for completion one of the defendants was satisfied to take Kromberg's check and to have all the papers deposited with the attorney, and to go to the landlord the following Monday and get his consent to accept Kromberg, but that the other defendant was not satisfied; that then conversation drifted into taking back a mortgage for part of the purchase price, and the parties left the office.

At the close of the plaintiffs' case, defendants moved to dismiss, and the court granted the motion, saying:

"Your complaint now is that you produced a man ready, able, and willing to buy that store upon the terms agreed on, and he was not ready, able, and willing. He was not ready."

[1, 2] The court was in error in the first place in stating that the plaintiffs did not get a purchaser, for under the written agreement Kromberg was a purchaser within the meaning of the contract made by defendants with the brokers, and on the production of the written agreement they established a prima facie case; so that it was altogether unnecessary for the plaintiffs, acting on the intimation of the court, to move to amend their complaint by setting up that they had procured a purchaser ready, able, and willing to purchase the property. That the purchaser in this case was not ready to pay cash at the time appointed for the closing, or for some other reason the contract of sale went off, did not concern the plaintiffs, for they had performed their agreement in procuring the purchaser, and if he

breached his contract he was responsible for such breach to the defendants.

"Where the contract of sale is executed between the employer and the purchaser, the right of the broker to his commissions does not depend upon the performance of the contract by the purchaser. If from a defect in the title of the vendor, or from a refusal to consummate the contract on the part of the purchaser, for any reason in no way attributable to the broker, the sale falls through, nevertheless the broker is entitled to his commissions, for the simple reason that he has performed his contract." Gilder v. Davis et al., 137 N. Y. 504, at page 506, 33 N. E. 599, at page 600 (20 L. R. A. 398).

It follows that the judgment must be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.