**ELLIS v. MORGAN.**

No. 780.

Municipal Court of Appeals for the
District of Columbia.

April 28, 1949.

Charles J. King, of Washington, D. C.,
for appellant.

Herman Miller, of Washington, D. C.,
for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, a real-estate and business-chance broker, appeals from a judgment denying him recovery of a commission.

Appellee, owner of a rooming house business, signed a listing agreement authorizing appellant to find a purchaser for the business on specified terms and agreeing to pay him a specified commission "if and when a purchaser is found." As a result of appellant's efforts a contract of sale was signed by appellee and one Coppock, but the sale was never consummated. Appellee testified that she signed the listing agreement and the contract on appellant's assurance to her that if on the settlement date she had no place to move the time for settlement would be extended until she found a new place; that on the settlement date she had found no new place and therefore refused to settle; and that she was willing and able to comply with the agreement but desired more time.

Appellant objected to appellee's testimony regarding the assurance of an extension of time on the ground that the effect of such testimony was to vary the terms of a written contract by parol testimony. The objection was not well taken. As we see it, the testimony was not offered to contradict any written instrument but was offered to show that appellee had been induced to sign the listing agreement and contract on appellant's misrepresentation that the time for settlement fixed in the contract could and would be extended to suit her convenience. Generally speaking, a broker who has secured his employment by a false representation, or who has by false representation induced his principal to accept an offer, is not entitled to a commission; for the law requires the utmost good faith on the part of a broker in his dealings with his principal. Whether the claimed misrepresentation here was sufficient to defeat appellant's claim to his com-

mission we are not called on to decide, because the case went to the jury without appellant raising the question of the legal sufficiency of the evidence supporting this defense.

■ The next assignment of error relates to cross-examination of appellant's agent regarding tender, or lack of tender, on the settlement date when he and the prospective purchaser called on appellee. Appellee was permitted to ask the agent whether or not papers had been prepared for closing the deal and whether or not a tender was made to appellee. Objection was made that tender was not in issue but the trial court permitted testimony, in the words of the record, "regarding whether or not there was a valid tender on the part of the purchaser or the plaintiff." We think this was error. Certainly there was no duty on the part of plaintiff (the broker) to make a tender. That duty, if such there was, rested on the purchaser. The broker's duty was to find a purchaser able, ready, and willing to buy on the seller's terms. The purchaser obtained by the broker had signed a binding contract on terms acceptable to the seller. In addition to this there was uncontradicted testimony that on the settlement date the purchaser was ready and willing to close and was financially able to do so. Whether on that date the purchaser made a valid tender had no bearing on the broker's right to a commission.[1] Especially is this true in view of the seller's admission that her refusal to settle was not based on lack of tender. This irrelevant evidence may have led the jury to believe that the broker was not entitled to his commission unless he proved that the purchaser on the settlement date made a full and complete tender even though he was able, ready, and willing to close. This requires reversal of the judgment.

■ The last assignment of error relates to the trial court's statement in the course of the trial that the interpretation of the contract would be left to the jury. Appellant argues that interpretation of a contract is a matter of law for the court, and generally this is true. However, the record does not make plain what the court meant by this ruling and, since the record does not contain the charge to the jury, it is impossible to tell whether the question was left to the jury, or, if so, in what manner this was done. We cannot say that there was error in this respect.

Reversed.

[1] Espalla v. Lyon Co., 226 Ala. 235, 146 So. 398; Winer v. Flournoy Realty Co., 27 Ga.App. 87, 107 S.E. 398; Goodman v. Margolies, Sup., 159 N.Y.S. 834; See also 12 C.J.S., Brokers, § 84; 8 Am.Jur., Brokers, § 179.