# DONALDSON v. UHLFELDER.

---

EVIDENCE; PAROL TESTIMONY; LEASE, CONDITIONAL DELIVERY OF.

1. *Quære,* whether the existence of a separate or collateral agreement concerning a matter upon which the written contract is silent, and which is not inconsistent with its terms, may be proved by parol.
2. The execution and delivery of a written instrument, in form complete, may be made upon the condition that it shall not become binding until some condition precedent, resting in parol, shall have been performed.
3. In an action by a landlord against his former tenant who had removed from the leased premises after one month's occupancy without giving the thirty days' notice required by the lease, to recover the second month's rent, payable in advance, it is competent for the defendant to show by parol that he signed the lease and paid one month's rent in advance upon the oral promise by the landlord to put the premises in repair before the lease should take effect, and that he failed to do so.

No 1270. Submitted March 5, 1903. Decided April 7, 1903.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action to recover rent. *Affirmed.*

The COURT in the opinion stated the case as follows:

The appellant, Raymond S. Donaldson, sued the appellee, Benjamin F. Uhlfelder, in the court of a justice of the peace to recover $46, the same being for the rent of a dwelling for the month beginning February 20, 1902, according to the terms of a written lease. From an adverse judgment in that court the defendant appealed to the Supreme Court of the District, wherein judgment was rendered in his favor, and therefrom the plaintiff has prosecuted this appeal.

The lease was executed by both parties on January 14, 1902. By its terms the appellant leased the premises to the appellee by the month for the sum of $46, payable monthly in advance beginning on January 20, 1902, the day on which possession was to be taken. It was stipulated that the lessee should give thirty days' notice of his intention to terminate the lease and vacate the premises. There was no covenant relating to repairs. The lessee paid the first month's rent on January 20, 1902, and at once entered upon possession with his family. On the last day of the month he removed from the premises without having given the thirty days' notice of his intention so to do, and refused to pay the rental for the second month.

Over the objection of the appellant, the appellee was permitted to introduce parol evidence tending to prove the following facts: That the lease, already signed by the appellant, was brought to his office on January 14 by the appellant's clerk, who presented it for his signature. That he refused to sign unless the appellant would first promise to put the premises in good repair. That the clerk having no authority to make such promise, appellee called appellant by telephone and told him he would not sign the lease unless he would put the premises in repair. That appellant then and there made said promise, whereupon appellee signed his name to the contract and delivered it to the clerk who took it away. That he removed his family and effects to the premises on January 20, relying upon the promise aforesaid. That the house needed repairs badly; the heat-

ing apparatus was in bad order and failed to heat the house; the cellar floor had been flooded, some of the rooms were damp from leakage, and the paper was wet and damaged. That some of his lodgers left because of the condition of the rooms. That appellant, though requested, failed to make the promised repairs, and appellee removed at the end of the month.

The jury were instructed, if they believed this evidence, to return a verdict for the defendant, otherwise to find for the plaintiff the amount claimed.

*Mr. S. T. Thomas* and *Mr. James A. O'Shea* for the appellant:

It was error to permit evidence of the alleged prior or contemporaneous agreement by the landlord to make repairs. Wood on Landl. & Ten. 623; 1 McAdam on Landl. & Ten. 74, note. In the letting of a dwelling-house in this District there is no implied contract or condition that the premises shall be habitable. *Fisher* v. *Lighthall,* 4 Mackey, 82. Where, as in this case, the written contract purports to be on its face a memorial of the transaction, it supersedes all prior negotiations. 21 Amer. & Eng. Encyc. of Law (2d ed.), 1096; *Seitz* v. *Brewing Co.,* 141 U. S. 517; *McAleer* v. *United States,* 150 U. S. 432; *Assurance Co.* v. *Building Assn.,* 183 U. S. 318. A prior or contemporaneous promise of a landlord to make repairs cannot be established by parol evidence when there is a lease in writing which is silent on the subject. 21 Amer. & Eng. Encyc. of Law (2d ed.), 1096; *Gulliver* v. *Fowler,* 64 Conn. 556; *Welshbilling* v. *Dienhart,* 65 Ind. 94; *Lerch* v. *Sioux City Times Co.,* 91 Iowa, 750; *Grashaw* v. *Wilson,* 123 Mich. 364; *Johnson* v. *Will* (Tex.), 32 S. W. Rep. 426; *Tracy* v. *Union Iron Works Co.,* 104 Mo. 193. The general rule that where there is a contract reduced to writing it is presumed that the writing contains all the terms of the contract, and that previous agreements become merged therein, and verbal or other extrinsic evidence is inadmissible to vary, contradict,

or add to the written instrument, applies with full force to leases. 18 Amer. & Eng. Encyc. of Law (2d ed.), 618, tit. " Leases," where the cases are collected.

*Mr. Jesse E. Potbury, Mr. Wm. Henry White,* and *Mr. Harry G. Kimball* for the appellee:

1. The existence of a separate oral agreement as to any matter on which the written contract is silent, and which is not inconsistent with its terms, may be proven by parol. *Seitz* v. *Brewing Co.,* 141 U. S. 517; *Raub* v. *Barbour,* 6 Mackey, 245; *Fusting* v. *Sullivan,* 41 Md. 169; *Williams* v. *Kent,* 67 Md. 358; *Stallings* v. *Gottschalk,* 77 Md. 432; *Basshor* v. *Forbes,* 36 Md. 166; *Creamer* v. *Stephenson,* 15 Md. 221. The rule is the same in a written contract of lease as in any other written contract. McAdam on Landl. & Ten. 68, 69; *Hines* v. *Wilcox,* 96 Tenn. 157, and cases reviewed; *Weil* v. *Kahn,* 10 N. Y. Supp. 236; *Angell* v. *Duke,* 10 Q. B. 174; *Raub* v. *Barbour, supra.* The signing of the lease by the defendant was sufficient consideration for the agreement on the part of the plaintiff to put the house in repair. *Raub* v. *Barbour,* 6 Mackey, 250; *Lindley* v. *Lacey,* 17 C. B. N. S. 578. It was a proper matter of set-off under section 1563 of the code.

2. Parol evidence is admissible to show that a written paper which, in form, is a complete contract, was, nevertheless, not to become a binding contract until the performance of some condition precedent resting in parol. *Burke* v. *Dulaney,* 153 U. S. 237; *Reynolds* v. *Robertson,* 110 N. Y. 654; *Walker* v. *France,* 112 Pa. St. 203; *Thomas* v. *Loose,* 114 Pa. St. 45; *Corn* v. *Rosenthal,* 20 N. Y. Supp. 632.

Mr. Justice SHEPARD delivered the opinion of the Court:

The single question for determination is the admissibility of the evidence.

The appellant relies on the well-known general rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument.

The appellee, on the other hand, asserts the admissibility of the evidence under the special circumstances of the case upon two grounds:  (1) That the existence of a separate or collateral agreement concerning a matter on which the written contract is silent, and which is not inconsistent with its terms, may be proved by parol; (2) that the execution and delivery of a written instrument, in form complete, may be made upon the condition that it shall not become binding until some condition precedent, resting in parol, shall have been performed.

The second proposition states a rule of the law of evidence that has been settled in this jurisdiction.  *Burke* v. *Dulaney,* 153 U. S. 228; *Hartford Fire Ins. Co.* v. *Wilson,* 187 U. S. 467.  And, in our opinion, it applies to the evidence in this case.  This does not purport to establish a general promise, running with the lease, to keep the premises in repair during occupation; but a single, independent promise to put them in repair before the contract should take effect at all.  It was the condition of the appellee's consent, and without its performance there was no contract.  The question, therefore, is not one of permitting the terms of a valid and effective contract to be contradicted or varied by parol evidence, but whether it may be thereby shown that it was never entered into at all; and this, as we have seen, is no longer an open one.

This conclusion renders it unnecessary to consider the first ground of the appellee's contention in support of the judgment, which states a rule, that in its application to the special facts of cases has been the subject of much controversy and conflict of opinion.

There is no error in the judgment and it will be affirmed, with costs.  It is so ordered.              *Affirmed.*