## LIPPINCOTT v. KERR.
### No. 4894.

Court of Appeals of District of Columbia.
Argued March 3, 1930.
Decided April 7, 1930.

Sam A. Syme, of Washington, D. C., for plaintiff in error.

Paul E. Lesh and Arthur G. Nichols, Jr., both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and GORDON, Associate Justice of the Supreme Court of the District of Columbia.

VAN ORSDEL, Associate Justice.

This case is here in error to the municipal court of the District of Columbia from a judgment in favor of defendant in error, plaintiff below, for two months' rental on a house leased from the plaintiff by the defendant.

It appears that on October 15, 1927, plaintiff leased to defendant, under a written contract, for the period of seven months a house located at 2400 Tilden street, in the city of Washington, the rent being at the rate of $250 per month, payable monthly in advance. The evidence discloses that when the lease was made, plaintiff's agent assured the defendant that the house was equipped with an adequate heating plant to heat the house and keep it in comfortable condition. After the defendant moved into the house and attempted to heat it, it was found that the oil burning heater was defective, in that it would not light after it had automatically closed off. During the six weeks that this condition lasted, the agent of the heating company made eight visits to the house, each time repairing the defect, which was in the transmission of the electrical lighting apparatus. Defendant had a daughter under the charge of a trained nurse, and when the condition of the house became such as to endanger the life of the daughter, defendant sent to plaintiff on December 4, 1928, the following letter:

"My dear Mr. Kerr:

"The furnace has not functioned again today. It is ten o'clock and I have been

since 7 A. M. trying to get a man here to heat it, with no success up to this hour. From Thursday A. M. until Friday at 9 P. M. we were without heat. Priscilla has a cold on her chest. I know these details will be annoying to you, but I can assure you it is very much more so to me. The dining-room is not habitable and keeps the passage and pantry and kitchen cold and the draughts are dangerous in this temperature. It has been two weeks since you were here and nothing has been done to remedy all this. I am moving into Iowa the first moment I can move Priscilla, and will turn the keys over to you at that time."

The court below found as a fact: (1) That the house was adequately heated with no evidence in the record to support this finding, the only evidence, that of defendant and the nurse, were to the effect that it was not adequately heated. The court found also that the defendant did not remove from the house by reason of the alleged lack of heat in the premises. The only evidence is to the contrary, as set forth in the testimony of the defendant and in the notice given the plaintiff of her intention to vacate. The court also found as a fact that the reason which prompted the defendant to remove from the house was to escape liability under her lease from the fact that her mother's home was available to her for her occupation without payment of rent therefor. This is an unwarranted conclusion to be drawn from the testimony of the defendant, adduced by the court on cross-examination, to the effect that when she left the premises she removed to her mother's house, and that she was not required to pay rent for its use and occupancy. This testimony does not warrant the conclusion that her reason for moving was that stated by the court.

The case resolves itself to the single question of whether or not parol evidence as to the assurance, given defendant at the time the lease was executed, that the house was equipped with an adequate heating apparatus, is admissable under the terms of the lease. While it is elementary that parol evidence is inadmissable for the purpose of contradicting or varying the terms of a written instrument, the evidence here admitted does not operate either to contradict or vary the terms of the lease. It constitutes a separate, additional, stipulation of the contract, and as such was admissible as forming a part and condition of the contract. It is well

settled in this district "that the execution and delivery of a written instrument, in form complete, may be made upon the condition that it shall not become binding until some condition precedent, resting in parol, shall have been performed." Donaldson v. Uhlfelder, 21 App. D. C. 489, 493.

In that case, the parol condition to the execution of the lease was that the lessor would put the premises in good repair. This he failed to do, and the tenant removed therefrom without notice, interposing the failure to put the premises in repair as a defense in an action, as in this case, to recover rent accruing after the premises were vacated. The court held that this constituted a good defense, and we think the ruling in that case is conclusive in this.

The judgment is reversed, with costs.

GORDON, Associate Justice, concurs.