ETTY v. FEDERAL CONSULTING
SERVICE, Inc.
No. 611.

Municipal Court of Appeals for the
District of Columbia.
June 17, 1948.

James R. Murphy, of Washington, D. C.,
for appellant.

Samuel M. Greenbaum, of Washington,
D. C. (Irwin Geiger, of Washington, D. C.,
on the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

From a judgment against her defendant
has appealed and urges two grounds for
reversal.

The first ground is that there was a
variance between the pleadings and proof.
The complaint alleged that the defendant
"wrongfully withholds from plaintiff the
sum of $2,922.97 representing a portion of
funds which came into defendant's hands
for distribution to plaintiff." The proof
tended to show that defendant, a manu-
facturer's agent, having authority to sell a
quantity of steel, engaged plaintiff to assist
her in making a sale, and agreed to pay
plaintiff a sum equal to one-half the com-
mission received by defendant; that through
plaintiff's efforts the sale was made and

defendant received her commission but had not paid to plaintiff the full sum agreed upon. It is defendant's contention that plaintiff pleaded an action for money had and received but proved an action on an express contract, and that this constituted a fatal variance. This point was raised at the conclusion of plaintiff's case and overruled by the trial judge. Plaintiff made no motion to amend or to conform the pleadings to the proof.

■ We agree that the pleadings and proof did not strictly conform. Defendant's principal paid defendant a commission in accordance with their contract, and thereupon plaintiff became entitled to receive a certain sum from defendant in accordance with their contract. This did not constitute receipt of money by defendant for distribution to plaintiff. However, even under the stricter rule of the common law only a material variance was fatal, and a variance was not considered fatal unless of a character to mislead the opposite party in maintaining his action or defense on the merits. Grayson v. Lynch, 163 U.S. 468, 16 S.Ct. 1064, 41 L.Ed. 230; Standard Oil Co. v. Brown, 218 U.S. 78, 30 S.Ct. 669, 54 L.Ed. 939. Under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on which the trial court's rules are patterned, it has been said that a variance "is material where it is of a character to take the adversary by surprise and to mislead him in the prosecution of his cause of action or defense." Cyclopedia of Federal Procedure (2d ed.) § 3344. Tested by these rules we do not think it can fairly be said that defendant was surprised or misled to her prejudice. No showing to that effect is made.

■ However, we do not wish to be understood as approving a practice which would permit a party to allege one thing and prove another. The familiar and elementary rule that pleadings and proof must reasonably conform has not been changed by the new rules. Twachtman v. Connelly, 6 Cir., 106 F.2d 501. A party is entitled to be fairly informed by the pleadings of the opposite party of the specific nature of the questions involved in the issue. Farris v. Meyer Schuman Co., 7 Cir., 115 F.2d 577. If a party is in doubt as to how the evidence will develop he may, under Rule 8 of the trial court, which is based on F.R.C.P. 8, set forth two or more statements of his claim alternatively or hypothetically, either in one count or separate counts. Counsel should have no real difficulty in framing pleadings which will give the opposite party fair notice of what must be met at the trial.

■ The second point raised is that the judgment is contrary to the weight of the evidence. The question of the weight of the evidence was for the trial court who heard the case without a jury and is not subject to review on appeal. It is contended that the trial court failed to give proper consideration to certain evidence adduced in support of defendant's counterclaim but the record shows that in announcing its finding the court gave at some length its reasons for the conclusion reached, clearly demonstrating a full consideration of the evidence and the issues raised thereby.

Affirmed.