**HANKIN v. SPILKER.**
No. 877.

Municipal Court of Appeals for the
District of Columbia.

Reargued April 2, 1951.

Decided May 15, 1951.

Rehearing Denied May 28, 1951.

Thomas B. Scott, Washington, D. C., with whom Charles W. Mander, Washington, D. C., on the brief, for appellant.

Alfred Goldstein, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

There is no need to again review the facts as this was done in our earlier opinion, Hankin v. Spilker, D.C.Mun.App., 72 A.2d 45. We ruled that under the doctrine of *res judicata* defendant was liable on a series of seven notes because she had unsuccessfully defended a suit on an earlier note which had been given to plaintiff as a part of the same transaction. We ordered a reversal of the Municipal Court judgment which had been entered in favor of defendant. Because our ruling on the *res judicata* question was decisive of the appeal, we thought it unnecessary to discuss or decide several other questions which had been raised by appellant, plaintiff below.

The United States Court of Appeals granted an appeal from our decision and reversed,[1] ruling that in the circumstances of the case the defendant, maker of the notes, was not precluded from advancing her defenses thereto. The case was remanded to us "for further proceedings not inconsistent" with the opinion, which proceedings that court said "may include consideration of any remaining contentions of the parties not discussed" in our former opinion. There were several such contentions which we had not decided and in fairness to the parties we felt such contentions should be reargued. By our order such reargument has been made. For convenience we shall refer to the parties as they were in the trial court.

1. One error assigned by plaintiff is the refusal of the trial court to strike a paragraph (No. 4) of the answer in which defendant recited that the attorney-client relationship existed between plaintiff and herself and that the execution and delivery of the notes "were obtained and defendant's signature thereto induced by the plaintiff upon the misrepresentation that if execution and delivery of the said notes were not made the best interests of defendant in said litigation would not be served; defendant states that acting only on such representations she executed and delivered the notes sued upon herein." Plaintiff contends that this allegation in effect charged fraud and that under Rule 8(c) of the Municipal Court should have been stated with greater particularity. We note that plaintiff did not move for a more definite statement of the defense or a particularization of the charge of "fraud,"

1. Spilker v. Hankin, D.C.Cir., 188 F.2d 35.

but sought to have the paragraph stricken in its entirety. We rule that the trial judge did not err in refusing to take such action. We think the allegations made it clear that defendant was challenging the validity of the notes from their very inception on the basis of statements and representations made to her by plaintiff, her then attorney. And it is significant that it was on these very circumstances that the United States Court of Appeals based its ruling that defendant was not precluded by the rule of *res judicata* from resisting liability on the remaining notes.

2. Plaintiff contends "it was error for the trial court to allow counsel for defendant to discuss duress before the jury or to allow evidence by the defendant and her witnesses or to cross-examine plaintiff on matters concerning duress over the objection of plaintiff when the defense of duress had not been pleaded and must be affirmatively pleaded to be taken advantage of by the defendant." The argument is based upon the familiar rule that the allegations and proof must correspond. We agree that such is a fundamental of good pleading and practice and, as we said in Etty v. Federal Consulting Service, D.C.Mun.App., 59 A.2d 692, 693, "we do not wish to be understood as approving a practice which would permit a party to allege one thing and prove another." But there we also said that under common law procedure and under the federal rules upon which Municipal Court rules were patterned, a variance between pleading and proof is not fatal unless it misleads the opposite party in maintaining his action or defense on the merits. That does not seem to be the situation here.

3. Plaintiff claims it was error to deny his motion for a directed verdict at the close of defendant's case because there was no evidence of any "misrepresentation" as set forth in defendant's pleadings. The pleadings, as we have seen, were sufficient to bring to issue the question whether defendant was induced to sign the notes because of statements or misrepresentations made to her. The evidence was conflicting as to whether plaintiff did or did not make such statements and as to the

effect such statements may have made upon defendant. Hence the trial court was right in submitting the matter to the jury.

4. Another error assigned by plaintiff is that the trial court submitted the case to the jury on the issue of duress. He says such issue was not raised by the answer which pleaded only certain inducements or misrepresentations. It is true that defendant did not advance a plea of duress as such, undoubtedly wishing to avoid the *res judicata* barrier, since that defense had been made in the earlier trial. It is also true that the judge did submit the question of duress to the jury and defined the elements thereof. Thus at first glance it may seem that the case was submitted to the jury on an issue not raised by the pleadings. But under the broad language of the decision of the United States Court of Appeals it would not be wrong to say that in view of the attorney-client relationship, defendant might have been permitted under her general allegation of misrepresentations to come forward with evidence tending generally to show coercion or improper inducements leading to the signing of the notes.

5. The argument is made that the circumstances under which the notes were given ruled out the defense of duress as a matter of law. Plaintiff stresses that there was an intervening week end between the alleged statements and the signing of the notes, and argues that this was a sufficient interval to enable defendant to seek available independent legal advice on the advisability of signing the notes. But we agree with the trial court that weighing and evaluating these circumstances in terms of their effect upon the defendant was a function of the jury.

6. Plaintiff claims the court incorrectly ruled that defendant's subsequent attorney, Mr. McNeill, who was with her when she signed plaintiff's notes (and who ultimately handled the trial of her divorce case) could not testify about the circumstances under which the notes were given because it was privileged testimony. A careful study of the record shows that this contention is without merit. Called as a witness by plaintiff, Mr. McNeill testified

fully as to the conference at which the notes were signed; and objections raised by defendant on the ground of privilege were overruled.

■ 7. Still another argument is that defendant's voluntary payment of the first note in this same group of notes constitutes a waiver of the defense she now advances. Admittedly a party may waive a defense to a contract but there is no showing that by this payment defendant ever intended to waive any of her defenses. And the United States Court of Appeals has ruled that she may advance "any legal or equitable defense to the remaining notes which appeals to the conscience of the court." Hence it would be wrong to force a theory of waiver upon her when she so clearly asserted her right to resist the claim on the remaining notes.

■ 8. Plaintiff contends that the record of the former case was improperly excluded. The error if any was harmless and did not prevent a full review of the entire litigation by this court and by the United States Court of Appeals.

Chief Judge Cayton joins in our rulings on the eight separate contentions of appellant and feels that such rulings are decisive of this litigation and that we should order an affirmance of the judgment of the Municipal Court, but a majority of the court are of opinion that a new trial should be ordered for the following reasons.

The case was tried as one on promissory notes. The trial court so considered it, charging the jury that production of the notes with proof of their execution made out a prima facie case; that the reasonableness of the amount could not be inquired into by the jury; that the sole issue was whether the notes were executed under duress; and that the verdict must be either for the plaintiff in the full amount claimed or for the defendant.

■ It now appears from the opinion of the United States Court of Appeals that not only was this court wrong in holding that the doctrine of *res judicata* was applicable but also that the trial proceeded on an entirely erroneous theory. The opinion holds that when a lawyer seeks to enforce a promissory note reflecting his charge to a client "the attorney cannot rely upon the usual commercial principles relative to negotiable instruments; he must rely upon the same basic considerations as if he were asking the court to enforce a fee arrangement not reflected in a note or notes." [188 F.2d 39.] It thus appears that it was incumbent on the attorney to show that his fee arrangement was fair and reasonable, and that despite the fact the arrangement had taken on the form of promissory notes, the jury could award a sum smaller than specified in the notes if such smaller sum was found fair and reasonable. Therefore it was error to submit the case to the jury on a basis of all or nothing.

In fairness to the plaintiff we think the case should now be sent back for a new trial so that the issues may be tried in the manner in which the United States Court of Appeals says they should have been tried in the first instance. See Schaff v. R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 144 F.2d 532.

Our previous judgment entered March 10, 1950, is vacated, and the judgment of the trial court is reversed with instructions to grant a new trial.