## GLASCOE v. MILETICH.

### No. 1117.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 5, 1951.

Decided Oct. 3, 1951.

Samuel L. Dean, Jr., Washington, D. C., for appellant.

Joseph S. Cullins, Jr., Washington, D. C. (Joseph D. Bulman and Sidney M. Goldstein, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant is the executrix of the estate of her husband, who was engaged in the moving and storage business and who had received from appellee certain goods intended ·for shipment to Ottumwa, Iowa. The trial court found that the parties had agreed that the goods would not be shipped

until notice from appellee but that without such notice the goods were shipped, and the court awarded appellee damages. Appellant does not question the award of damages for articles lost and damaged in transit but contends that other damages allowed on account of the premature or unauthorized shipment were erroneously awarded.

Appellant's argument is that the agreement to make the shipment only after notice from appellee was proved by parol evidence and had the effect of varying the written contract of the parties embodied in the bill of lading. The bill of lading acknowledged receipt of the goods from appellee, and provided that the carrier agreed to carry them to the destination indicated below which was written in as "Ottumwa, Iowa." The bill of lading contained no provision concerning when shipment would be made or when the goods would be delivered to their destination, except that in the printed terms and conditions on the reverse side there was the provision that the carrier was not bound to transfer the goods by any particular schedule or otherwise than "with reasonable dispatch."

As the bill of lading specified neither time of shipment nor time of delivery at destination and required only that the carrier act with reasonable dispatch, the oral agreement that shipment would not be made until notice from the shipper neither contradicted nor varied any term of the bill of lading. As was said by us in Mitchell v. David, D.C.Mun.App., 51 A.2d 375, 377, "the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proved by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the writing to be a complete and final statement of the whole of the transaction between them."

Furthermore, the oral agreement may be considered as a condition upon which the contract of shipment was made, namely, that it was not to become effective until notice from the shipper. A written contract may be made upon condition that it shall not become binding until some condition, resting in parol, shall occur. Creighton v. Brown, D.C.Mun.App., 77 A.2d 559; Lippincott v. Kerr, 59 App.D.C. 290, 40 F.2d 802; Robertson v. Ramsay, 54 App. D.C. 346, 298 F. 557.

Affirmed.