**WETZEL v. DE GROOT et al.**

No. 1178.

Municipal Court of Appeals
District of Columbia.

Argued Jan. 28, 1952.

Decided March 6, 1952.

Elizabeth R. Young, Washington, D. C., for appellant.

John Lewis Kelly, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees gave appellant, a real estate broker, a non-exclusive agency to find a purchaser for a house and lot in nearby Maryland. As the result of the broker's efforts, a contract of sale dated January 7, 1951, was made between appellees and a Mr. and Mrs. Browning. This contract contained two conditions: first, that unless the Brownings could sell a home already owned by them for a price which would net them $1,500 more than the price they agreed to pay appellees, the contract would be null and void; and, second, that unless the first condition was "removed" by February 1, 1951, the contract would be null and void. On

January 14, 1951, the appellees through another broker made a contract to sell the same property to a Mr. and Mrs. Hetherington. When appellant learned of the making of the second contract he notified the Brownings, telling them that appellees' house had been sold in violation of the Browning contract. The Brownings took their home off the market and appellant made no further effort to sell it.

Appellant sued appellees for a commission, alleging he had "obtained a purchaser * * .* ready, willing and able to buy * * * upon the terms and conditions * * * contained in the sales contract dated January 7th, 1951." Appellees denied generally the allegations of the complaint and alleged that appellant "failed to comply with the terms and conditions set forth in the contract." Trial of the case by court without a jury resulted in finding and judgment for appellees.

Appellant contends that on the evidence the trial court was bound as a matter of law to find that appellees, through appellant, entered into a contract of sale to the Brownings and then breached that contract by entering into a second contract to sell to the Hetheringtons, and that such breach entitled appellant to recover his commission on the first contract. Appellant relies on the rule that where a broker procures a purchaser ready, able and willing to buy on the principal's terms, the principal cannot by refusing to consummate the sale defeat the broker's right to compensation.[1]

The answer to this contention is that appellant did not produce a buyer ready, willing and able to buy. It is very plain that the contract with the Brownings was conditional. The Brownings agreed to buy only if they could sell their house at a specified price. Appellees agreed to that condition provided it could be met by February 1. Therefore the broker did not produce a purchaser. He produced only a conditional purchaser. Quite plainly the Brownings were not ready and willing to buy and under the well-established law of this jurisdiction a broker earns his commission only when he produces one ready, able and willing to buy.[2] The law of Maryland by reason of statute is somewhat more liberal towards the broker,[3] but even under Maryland law the securing of a conditional buyer does not entitle the broker to recover.[4] We refer to the law of both jurisdictions because although the record shows the property was located in Maryland it does not disclose where the contract between the owner and the broker was made. Appellant's brief states that appellant and appellees were residents of the District of Columbia, and the case was apparently tried below on the theory that District of Columbia law applied.

Appellant argues that even if the contract with the Brownings was conditional nevertheless appellees breached that contract by agreeing to sell to the Hetheringtons before the time limited in the Browning contract for fulfillment of the condition. Though no attempt was made to prove that the Browning home could have been sold by February 1st for the required price, appellant says he was deprived of the opportunity of attempting to sell it within the specified time for the specified amount and that he was thereby deprived of an opportunity to earn his commission. This presents another question.

Although the contract to sell to the Hetheringtons was absolute in form, the appellees and the broker who negotiated the Hetherington contract testified that this contract was signed and delivered on the oral condition that it was to become effective only if the Browning contract did not become binding by February 1st, that the Hetherington contract was contingent on whether the condition in the Browning contract was met. We think this evidence was admissible. In this jurisdiction it has often

1. See Cornwell v. Hollander, D.C.Mun. App., 82 A.2d 140, and cases there cited.

2. Buckner v. Tweed, D.C.Mun.App., 44 A. 2d 224, affirmed 81 U.S.App.D.C. 256, 157 F.2d 211, certiorari denied 330 U.S. 825, 67 S.Ct. 866, 91 L.Ed. 1275.

3. See Pratt v. Realty Associates, D.C.Mun. App., 45 A.2d 478.

4. Borowski v. Meyers, Md., 72 A.2d 701.

been held that parol evidence is admissible to show that a written instrument absolute in form was made on condition that it was not to become binding until some condition precedent was performed.[5] The law seems to be the same in Maryland.[6]

■ The trial court was entitled to accept this testimony. It was not contradicted in any way and was corroborated to some extent by the fact that the Hetheringtons were not permitted to occupy the property until February 15 and settlement of their contract was not made until March 15. If such testimony be accepted then the making of the Hetherington contract was no breach of the Browning contract. Both contracts were conditional. The Browning contract was conditioned on sale of their own home by a certain time at a certain price. The Hetherington contract was conditioned on whether the condition in the Browning contract was fulfilled. Therefore there was no breach by appellees of their contract of agency with appellant. Appellant and the Brownings were free until February 1st to tender performance of their contract, but upon learning of the making of the Hetherington contract, which he never saw, and without ascertaining the condition on which it was made, appellant informed the Brownings that it had been made in violation of their contract. Acting on this information the Brownings withdrew their home from the market and appellant did nothing further to meet the condition set forth in the Browning contract. On February 1st, the condition of the Browning contract not having been met, appellees were free to sell to the Hetheringtons. Appellant therefore did not earn a commission by producing a purchaser ready, able and willing to buy and he has no claim for damages for breach of his contract.

Appellant complains that certain evidence was wrongfully admitted. This argument, however, seems to be on the assumption that appellant's action was based on the contract between appellees and the Brownings. Such was not the case. Appellant was suing on his contract of employment which was entirely oral. Perhaps some immaterial evidence was received but, if so, its reception did not constitute reversible error. Appellant's claim was that he procured a purchaser ready, able and willing to buy on appellees' terms. His evidence failed to support his claim. The judgment must be affirmed.

Affirmed.

5. Lippincott v. Kerr, 59 App.D.C. 290, 40 F.2d 802; Robertson v. Ramsay, 54 App.D.C. 346, 298 F. 557; Donaldson v. Uhlfelder, 21 App.D.C. 489.

6. See Southern St. Ry. Adv. Co. v. Metropole Shoe Mfg. Co., 91 Md. 61, 46 A. 513, citing Burke v. Dulaney, 153 U.S. 228, 234, 14 S.Ct. 816, 38 L.Ed. 698, Ware v. Allen, 128 U.S. 590, 9 S.Ct. 174, 32 L.Ed. 563, Reynolds v. Robinson, 110 N.Y. 654, 18 N.E. 127, and Nutting v. Minnesota Fire Ins. Co., 98 Wis. 26, 73 N.W. 432. See also reference to the Southern Street-Railway case in Union Central Life Ins. Co. v. Deutser, D.C. Md., 13 F.Supp. 313, affirmed Deutser v. Malboro Shirt Co., 4 Cir., 81 F.2d 139.