**JESS FISHER & CO., Inc. v. DARBY.**

No. 1323.

Municipal Court of Appeals for the District of Columbia.

Argued March 23, 1953.

Decided May 1, 1953.

H. Max Ammerman, Washington, D. C., for appellant.

Leonard S. Melrod, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit for a real estate broker's commission. Appellant, plaintiff in the trial court, obtained from the defendant a thirty-day exclusive authorization to offer her

apartment building for sale, agreeing to pay a 5% commission if a sale were consummated. Plaintiff claimed that he complied with the conditions set forth in the sales agreement within the thirty-day period but that the defendant refused to sign the contract. Trial was before the court, and a finding was entered for defendant.

On appeal plaintiff contends that the court erred in permitting defendant to testify relative to an alleged condition precedent, in the absence of a pleading to that effect, and that the variance between the pleading and proof was fatal. Defendant testified that she had expressly informed the plaintiff that she would not sell her property until he had obtained for her another building in which she could live and which would produce for her a higher income than her present building. She stated further that she signed the listing agreement with the distinct understanding that no sale would be consummated until this condition had been fulfilled. She further stated that the plaintiff had agreed to this condition at the time the listing agreement was signed. Her testimony was corroborated by that of her daughter and by a letter from her to the plaintiff dated October 11, 1948, which was approximately two weeks after the listing agreement had been signed and which letter was offered in evidence by plaintiff. This letter stated:

"* * * You will recall that my immediate reaction to your suggestion was that I would have no other source of income and no place to live if I sold this property, as I am solely dependent on the income from the small apartment house and small income from a savings account, which represent my only assets. You stated that you understood my situation, and that you would like to have permission to sell my building, with the understanding that you would secure for me another piece of property which would provide me with more income and a place for my family to live.

"Although you were able to locate a purchaser for my property without any delay, you have made no apparent effort to satisfy the prime condition on which I consented to sign the listing with you; thus, you have not placed me in a position to consummate the sale, in that you have not located an income-producing property for me, in which I can move with my family."

The plaintiff testified that the first knowledge he had of such a condition was when he received this letter from defendant.

In her answer to the complaint defendant had set forth several defenses, one of which is as follows:

"* * * defendant * * * avers that the plaintiff induced the defendant to sign a listing * * * upon a fraudulent misrepresentation to the effect that the property would not be sold nor any effort made to sell the same until the plaintiff obtained for the defendant a property that would bring her a better income than that received from the property so listed. Defendant avers that the plaintiff failed and refused to comply with this representation and the inducement upon which defendant signed the said listing."

In considering the question of a variance between the proof and pleadings, we stated in Hankin v. Spilker, D.C.Mun. App., 81 A.2d 86, 88:

"The argument is based upon the familiar rule that the allegations and proof must correspond. We agree that such is a fundamental of good pleading and practice and, as we said in Etty v. Federal Consulting Service, D. C.Mun.App., 59 A.2d 692, 693, 'we do not wish to be understood as approving a practice which would permit a party to allege one thing and prove another.' But there we also said that under common law procedure and under the federal rules upon which Municipal Court rules were patterned, a variance between pleading and proof is not fatal unless it misleads the opposite party in maintaining his action or defense on the merits."

Can it be said that the plaintiff was misled by defendant's answer in maintaining his action and was not put on notice as to what the defense would be? We think not.

Although the defense of a condition precedent was not set out in so many words, the averment of defendant quoted above gave plaintiff fair notice that such a defense would be interposed at trial.

It is next contended that the court erred in receiving parol testimony which modified the terms of the written listing agreement. The agreement stated that the plaintiff was to have the exclusive right for thirty days to sell the defendant's property at a given price and that he was to receive a specified commission if a purchaser was found during the thirty-day period. He now argues that he was entitled to a directed verdict as a matter of law as he had produced a purchaser able, ready, and willing to buy on the seller's terms and that under the parol evidence rule the written agreement could not be modified by parol testimony of a condition precedent. But such is not the law. In this jurisdiction there is no question that a written contract may be conditioned on an oral agreement and that the contract will not become binding until some condition precedent resting in parol shall have been performed.[1] As an exception to the parol evidence rule, it is entirely permissible to allow parol testimony to prove such a condition when the written agreement is silent on the matter, the testimony does not contradict nor is it inconsistent with the writing, and if under the circumstances it may properly be inferred that the parties did not intend the writing to be a complete statement of the entire transaction between them.[2]

In the instant case the listing agreement was silent as to any conditions. The intention of the parties as to whether the writing was meant to be a complete statement of their agreement was a question of fact,[3] and there was ample evidence that the writing was not a complete statement of the agreement. Moreover, the parol testimony was not inconsistent with nor did it contradict the listing agreement, but was offered to prove the circumstances under which it was given. It was a condition or contingency which never happened and therefore did not contradict the written listing. In Ellis v. Morgan, D.C.Mun.App., 65 A.2d 797, we had a similar factual situation. There the real estate broker had induced the owner of a rooming house business to sign a listing agreement and a contract of sale for her business. She was allowed to testify that both contracts were signed on a condition that she need not sell until she had found a new place. We held there that such testimony did not contradict the written contracts and was therefore admissible. The trial court did not err in admitting the testimony in question.

Affirmed.

1. Burke v. Dulaney, 153 U.S. 228, 14 S. Ct. 816, 38 L.Ed. 698; Lippincott v. Kerr, 59 App.D.C. 290, 40 F.2d 802; Robertson v. Ramsay, 54 App.D.C. 346, 298 F. 557; Wetzel v. DeGroot, D.C.Mun. App., 86 A.2d 737; Glascoe v. Miletich, D.C.Mun.App., 83 A.2d 587.

2. Seitz v. Brewers Refrigerating Mach. Co., 141 U.S. 510, 12 S.Ct. 46, 35 L.Ed. 837; Glascoe v. Miletich, supra; Mitchell v. David, D.C.Mun.App., 51 A.2d 375.

3. Mitchell v. David, supra, quoting 9 Wigmore, Evidence (1940 Ed.) § 2430.