**NORTHEAST MOTOR COMPANY,**
a corporation, Appellant,

v.

**Ethel Bernice NEAL, Appellee.**

No. 2552.

Municipal Court of Appeals for the
District of Columbia.

Argued April 25, 1960.

Decided June 28, 1960.

Charles B. Sullivan, Jr., Washington, D. C., for appellant.

Barrington D. Parker, Washington, D. C., with whom George A. Parker, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Plaintiff-appellant sued defendant-appellee for her alleged failure to take delivery of an automobile ordered from one of its salesmen. The amount claimed as liquidated damages, in accordance with the purchase order, was ten percent of the sale price of $2,684.80, less minor deductions. The trial court held that the purchase order contract provided not for liquidated damages but for a penalty, and for that reason gave appellee judgment. This is the basic error assigned on appeal. However, because of our disposition of the case, that question will not be reached.

Appellee testified that she discussed the purchase of an automobile with one of appellant's salesmen.[1] She indicated to him that she had not decided definitely to buy a car. She had never owned one and had just acquired a driver's license.

[1] Appellant's vice president and general manager testified that the salesman had worked for the company only a few weeks and was presently in South America.

It was mutually agreed that she would call the salesman in a few days and inform him of her decision. Appellee gave a deposit of ten dollars, and the parties, knowing and agreeing that appellee was to subsequently notify appellant of her decision, signed the purchase order. Shortly thereafter, in accordance with their understanding, appellee informed appellant that she had decided not to buy the automobile. Appellant then resold the vehicle and brought this suit. Appellant cannot prevail.

On the uncontradicted evidence, it is clear that appellee was not under a binding duty to perform. Her performance was conditioned upon a preceding act which did not occur, i. e., an announcement to appellant of her final decision to buy. Instead, she informed appellant that she would not take the automobile, and in doing so, she simply exercised a right which was hers both by reason of the facts in the case and the law in this jurisdiction. It is the rule here that an oral agreement may so condition a written contract that the contract will not be binding until the preceding condition, resting in parol, has been performed.[2]

The ultimate conclusion of the trial court was correct and it is

Affirmed.

2. Jess Fisher & Co. v. Darby, D.C.Mun. App.1953, 96 A.2d 270, 272, 38 A.L.R.2d 538 (1954); Glascoe v. Miletich, D.C.

Mun.App.1951, 83 A.2d 587, 588; Creighton v. Brown, D.C.Mun.App.1950, 77 A. 2d 559.