**DETROIT FOOTBALL COMPANY,**
**Appellant,**

v.

**John ROBINSON, Appellee.**

**No. 18496.**

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1960.

Carl J. Schumacher, Jr., Harry B. Kelleher, New Orleans, La., Lemle & Kelleher, New Orleans, La., Monaghan & Monaghan & Crawmer, Detroit, Mich., of counsel, for appellant.

Paul M. Hebert, Theo. F. Cangelosi, Baton Rouge, La., for appellee.

Before JONES, Circuit Judge, and HOOPER and JOHNSON, District Judges.

JONES, Circuit Judge.

The appellant, Detroit Football Company, operates the Detroit Lions professional football club. The appellee, John Robinson, was a football player on the team of Louisiana State University during its 1959 season. The facts from which this controversy arose were thus stated in the findings of the district court:

"On December 2, 1959, Robinson was approached in Baton Rouge by the president of the Detroit Football Company and solicited to join the Lions for the 1960 season. He was offered a salary of $14,500, of which $2,500 would be advanced then and there and $1,000 would be paid on January 1. After some discussion, Robinson executed the tendered form, a 'Standard Players Contract,' and accepted the tendered advance, in currency. It was understood that in view of the forthcoming Sugar Bowl game, no public mention of the arrangement would be made until after New Year's. Later in December, however, Robinson was contacted by a representative of the 'Dallas Texans,' a club in the new American Football League. A trip to Dallas followed swiftly and Robinson was persuaded to change his mind and sign up with the new team. On December 29 he so notified the Detroit Lions. He did not then return the cash advance he had received, and, about the first of the year, the remaining $1,000 was sent to him. Robinson's 'contract' with the Detroit Club was presented to the Commissioner of the National Football League on January 6, 1960, and approved by him on January 12 or thereabouts. Subsequently, on January 13, Robinson returned plaintiff's money. The Club refused the tender and filed this proceeding to enforce what it says was Robinson's binding undertaking to play for the Lions and no one else."

Paragraph 5 of the Standard Players Contract contained a covenant of the player that, during the term of the contract he would not play football except for the Club without its consent and the consent of the Commissioner of the National Football League. By paragraph 13 of the Standard Players Contract it was provided that "This agreement shall become valid and binding upon each party hereto only when, as and if it shall be approved by the Commissioner."

The Detroit Club brought suit to enjoin Robinson from breaching the covenant not to play for another. Robinson filed an answer asserting the instrument signed by him created no binding agreement and interposed a number of other defenses. Robinson filed a counterclaim seeking a declaratory judgment that the alleged contract had no validity. He also moved for a summary judgment on the ground that there was no valid contract between the parties. An application for a preliminary injunction was made by the Detroit Club and was denied. The appeal before us is from the district court's order denying a preliminary injunction.

■ We shall suppress any inclination that we might have to discuss this case on its merits. The merits of a case

are usually not to be decided on an application for a preliminary injunction. Miami Beach Federal Savings & Loan Association v. Callander, 5 Cir., 1958, 256 F.2d 410. The granting or denial of a preliminary injunction is a matter for the exercise of the discretion of the trial court. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Home Decorators, Inc. v. Herfort, 5 Cir., 1950, 179 F.2d 398; Central Hanover Bank & Trust Co. v. Callaway, 5 Cir., 1943, 135 F.2d 592; Spring v. Ohio Oil Co., 5 Cir., 1940, 108 F.2d 560. On appeal from the granting or refusal of an interlocutory injunction the inquiry is limited to the question whether the court abused its discretion. United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263. The discretion of the trial court is broad and a strong showing of abuse must be made to reverse it. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303. No such showing is here made. The judgment of the district court is

Affirmed.