**LUTHER WILLIAMS, JR., INC.,**
a corporation, Appellant,

v.

**Joseph JOHNSON and Annie Mae Johnson,**
Appellees.

No. 4039.

District of Columbia Court of Appeals.

Submitted March 27, 1967.

Decided May 2, 1967.

Rex K. Nelson, Washington, D. C., for appellant.

Eugene M. Beckford, Washington, D. C., for appellees.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

QUINN, Judge:

Appellant (plaintiff below) sought to recover $670 as liquidated damages under a contract for improvements on appellees' home. Appellees' defense was that the contract never came into existence because of an unfulfilled condition precedent. This appeal raises the sole question of whether the parol evidence rule required exclusion of all testimony regarding the alleged condition.

At the trial, Luther Williams, Jr., president of appellant corporation, testified that prior to the signing of the contract, he offered to arrange any necessary financing for appellees, but was advised that they had their own. He was further informed that the down payment would be made in a few days when they received their funds. After drawing plans and contacting appellees several times, he was told that their financing had not been obtained and that they had procured another contractor to make certain improvements on the property.

Appellees testified that they signed the contract thinking it was merely an estimate; that they told Mr. Williams the improvements would depend upon approval of their financing by their bank; and that it was their understanding with him that they would not become obligated until they had procured the funds. Appellant objected to the introduction of all testimony concerning a parol agreement regarding financing, and later objected to jury instructions on that subject. The objections were overruled, and the jury returned a verdict for appellees.

■ As previously stated, the issue here is a narrow one, namely, whether the admission of testimony concerning the oral condition precedent violated the parol evidence rule. Briefly stated, that rule provides that when the parties to a contract reduce their agreement to writing, that writing is presumed to be the final repository of all prior negotiations, and testimony concerning prior or contemporaneous oral agreements which tends to vary, modify or contradict the terms of the writing is inadmissible. See 3 Corbin, Contracts § 573 (1960); 4 Williston, Contracts § 631 (3d ed. 1961).

■ In this jurisdiction, however, it is well settled that a written contract may be conditioned on an oral agreement that the contract shall not become binding until some condition precedent resting in parol shall have been performed. Burke v. Dulaney, 153 U.S. 228, 14 S.Ct. 816, 38 L.Ed. 698 (1894); Lippincott v. Kerr, 59 App.D.C.

290, 40 F.2d 802 (1930); Robertson v. Ramsay, 54 App.D.C. 346, 298 F. 557 (1924); Northeast Motor Co. v. Neal, D.C. Mun.App., 162 A.2d 287 (1960); Jess Fisher & Co. v. Darby, D.C.Mun.App., 96 A.2d 270 (1953); Wetzel v. DeGroot, D.C. Mun.App., 86 A.2d 737 (1952); Glascoe v. Miletich, D.C.Mun.App., 83 A.2d 587 (1951). Furthermore, parol testimony to prove such a condition is admissible when the contract is silent on the matter, the testimony does not contradict nor is it inconsistent with the writing, and if under the circumstances it may properly be inferred that the parties did not intend the writing to be a complete statement of their transaction. Seitz v. Brewers' Refrigerating Mach. Co., 141 U.S. 510, 12 S.Ct. 46, 35 L.Ed. 837 (1891); Jess Fisher & Co. v. Darby, supra; Glascoe v. Miletich, supra; Mitchell v. David, D.C.Mun.App., 51 A.2d 375 (1947).

The contract in question contained the following clause:

"This contract embodies the entire understanding between the parties, and there are no verbal agreements or representations in connection therewith."

Two problems thus arise when applying the above rules to the instant case. First, in the light of an "integration clause," can evidence be admitted to show that the parties did not intend the writing to be a complete statement of their transaction? Second, can it be said that the testimony regarding the condition precedent does not contradict the writing when the contract states there are no agreements other than those contained in the writing?

■ As to the first question, it has always been presumed that a written contract is the final repository of the agreement of the parties. 4 Williston, op. cit. supra § 631 at 953–954. In this regard, an integration clause merely strengthens this presumption. However, intent is a question of fact, and to determine the intent of the parties, it is necessary to look not only to the written instrument, but to the circumstances surrounding its execution.

In Mitchell v. David, supra, we quoted with approval from 9 Wigmore, Evidence § 2430 (3d ed. 1940) as follows:

"Whether a particular subject of negotiation is embodied by the writing *depends wholly upon the intent of the parties* thereto. In this respect the contrast is between voluntary integration and integration by law. Here the parties are not obliged to embody their transaction in a single document; yet they may, if they choose. Hence it becomes merely a question whether they have intended to do so."

"This intent must be sought where always intent must be sought, namely, in the *conduct* and *language* of the parties and the *surrounding circumstances*. The document alone will not suffice. What it was intended to cover cannot be known till we know what there was to cover. The question being whether certain subjects of negotiation were intended to be covered, we must compare the writing and the negotiations before we can determine whether they were in fact covered. Thus the apparent paradox is committed of receiving proof of certain negotiations in order to determine whether to exclude them; and this doubtless has sometimes seemed to lower the rule to a quibble. But the paradox is apparent only. The explanation is that these alleged negotiations are received only provisionally. Although in form the witnesses may be allowed to recite the facts, yet in truth the facts will be afterwards treated as immaterial and legally void, if the rule is held applicable. There is a preliminary question for the judge to decide as to the intent of the parties, and upon this he hears evidence on both sides; his decision here, *pro* or *con*, concerns merely this question preliminary to the ruling of law. If he decides that the transaction was covered by the writing, he does not decide that the excluded negotia-

tions did not take place, but merely that *if* they did take place they are nevertheless legally immaterial. If he decides that the transaction was not intended to be covered by the writing, he does not decide that the negotiations did take place, but merely that *if* they did, they are legally effective, and he then leaves to the jury the determination of fact whether they did take place." 51 A.2d at 378. ·

See also, Giotis v. Lampkin, D.C.Mun.App., 145 A.2d 779 (1958); 3 Corbin, op. cit. supra § 582. We are still of the opinion that this expresses the better practice.

■ As to the second question, we are aware that some courts have answered it in the negative. See, e. g., Rowe v. Shehyn, 192 F.Supp. 428 (D.D.C.1961); J & J Construction Co. v. Mayernik, 241·Or. 537, 407 P.2d 625 (1965). We believe, however, that this is an erroneous interpretation of Restatement, Contracts § 241 (1932) which provides as follows:

> "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative *if there is nothing in the writing inconsistent therewith.*" (Emphasis added.)

To explain this section, the following illustration is given:

> "A and B make and sign a writing in which A promises to sell and B promises to buy goods of a certain description at a stated price. The parties at the same time orally agree that the writing shall not take effect unless within ten days their local railroad has cars available for shipping the goods. The oral agreement is operative according to its terms. If, however, the writing provides 'delivery shall be made within thirty days' from the date of the writing, the oral agreement is inoperative."

In our opinion, it is clear from the example that what is intended is not the exclusion of evidence because of the existence of an "integration clause," 3 Corbin, op. cit. supra § 578 at 405–407, but an exclusion only if the alleged parol condition contradicts some other specific term of the written agreement. See Fadex Foreign Trad. Corp. v. Crown Steel Corp., 272 App.Div. 273, 70 N.Y.S.2d 892, aff'd, 297 N.Y. 903, 79 N.E.2d 739 (1947); 3 Corbin, op. cit. supra § 577 example (5). In the instant case, no provision was made regarding financing. Therefore, the parol condition would not contradict the terms of the writing.

■ For the above-stated reasons, we hold that it was not error to admit testimony tending to show that the writing was not intended to be a complete statement of the agreement of the parties and to instruct the jury to find for appellees if they determined that the negotiations regarding the condition precedent had taken place and that the contract was not to become binding unless the financing was first obtained.

Affirmed.