GRAY CONSTRUCTION COMPANY, Appellant v. CITY OF SIOUX FALLS, Respondent.

(179 N. W. 497.)

(File No. 4736.   Opinion filed October 18, 1920.)

1. **Municipal Corporations—Contract for City Building—Secs. 6347-6351, Code 1919, Inapplicable as Subsequent Legislation—Instant Case Same as Natural Person Re Bidding, Right to Return of Guarantee Deposit Check.**

   In determining plaintiff's right to withdraw its guarantee check deposited with city authorities in connection with its bid for construction of a city building, **held**, that Secs. 6347-6351, Code 1919, regulating making of contracts by municipal corporations, are inapplicable; said legislation having been enacted subsequent to the date of the transaction; therefore plaintiff's right to recover the amount of the check which the city had converted, is determined the same as though the city

were a natural person or private corporation advertising for bids, and which, after accepting one bid had sought to hold another bidder after the latter had demanded return of such check.

2.    Contracts—Check Deposited With City Construction Bid—Contract Awarded to Another, Plaintiff's Demand of Return of Check, Whether Amounting to Withdrawal of Bid—Conversion of Check.

Where plaintiff, in connection with a bid for construction of a city fire station and library building, deposited therewith a check as a guarantee that bidder would accept the contract if awarded it, the contract having been awarded to another bidder who thereafter refused to enter into a contract, and forfeited his deposit, plaintiff having theretofore demanded return of its check, and thereafter the city retained and cashed the check; held, that—there being no statute or ordinance otherwise providing—when plaintiff demanded return of its check it exercised its right to withdraw its offer contained in its bid, which it did in effect through its demand; and defendant city became liable to plaintiff upon conversion of the check.

Appeal from Circuit Court, Minnehaha County. Hon. John T. Medin, Judge.

Action by The Gray Construction Company, a corporation, against the City of Sioux Falls, a municipal corporation, to recover the amount of a certified check alleged to have been converted by defendant. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*Albert J. Keith,* and *Michael G. Luddy,* for Appellant.
*Parliman & Parliman,* for Respondent.

(1)    To point one of the opinion, Appellant cited: Safety Insulated Wire and Cable Co. v. Mayor, Etc., Baltimore, 66 Fed. 140; Dillon Municipal Corp. Sec. 26.

(2)    To point two, Appellant cited: Erving v. Mayor, Etc., of the City of New York, 29 N. E. 1101; 28 Cyc. 662; Garfielde v. U. S. , 93 U. S. 242; Lynch v. Mayor, Etc., of the City of New York, 37 N. Y. Sup. 801-802; Morse & Co. v. City North Bend, 94 N .W. 537.

Respondent cited: Sec. 6347, Code 1919; Vol. 28, Cyc. pp. 663-664 and notes; Dillon Mun. Corps., Vol. 2, Sec. 810.

WHITING, J.  This is an appeal from an order sustaining a demurrer to a complaint, under which plaintiff sought to re-

cover the amount of a certified check, which it had delivered to defendant in connection with and as a guaranty of, the fulfillment of a bid for certain municipal work. The demurrer confesses the following facts:

Respondent city advertised for bids for the erection and construction of a fire station and library building. The notice for bids required the filing of a cashier's check as a guaranty that the bidder would accept the contract in case the same was awarded to it. Various parties filed bids and, on the date fixed for opening same, the bids were opened and the contract was awarded to parties other than appellant. Several days therafter the parties to whom the contract was awarded refused to enter into a contract and forfeited their deposit. The respondent then notified appellant that it awarded appellant the contract. Appellant had theretofore demanded the return of the check which it had deposited, and after the receipt of such notice, it appeared before respondent, refused to enter into a contract, and demanded the return of the check. Respondent retained and cashed the check.

[1] Both parties have referred to—as bearing upon the law of this case—sections 6347—6351, Rev. Code 1919, which sections regulate the making of contracts by municipal corporations. This cause of action arose several years before the enactment of the above sections, and at that time there was not, so far as we are advised, any statutory law or ordinance of respondent city governing the making of municipal improvements such as the one involved in this action. Such being the status of the statutory and local law, this case must be determined exactly as though respondent were a natural person or a private corporation that had advertised for bids, and, after accepting one bid, had sought to hold another bidder after such bidder had demanded the return of a deposit which it had made in connection with, and as a guaranty of, its bid.

[2] We do not deem it necessary to determine the contention of appellant that the acceptance of another's bid was a rejection of its bid. Neither do we deem it necessary to determine whether or not, if appellant had allowed its deposit to remain with respondent, and in no manner had indicated its intention to withdraw its offer as expressed in its bid, such bid would be held to be a continuing offer, and subject to acceptance at re-

spondent's election. We are clear that, there being no statute or ordinance otherwise providing, when appellant demanded the return of its cashier's check, it exercised an absolute right, which it possessed at all times, to withdraw the offer contained in its bid. Although appellant did not withdraw its offer until after the bids were opened, it did in effect withdraw such offer when it demanded the return of its check. Being absolutely entitled to the return of such check upon demand at any time before its offer had been accepted, respondent became liable to it when it converted such check to its own use and benefit.

The order of the trial court is reversed.

SMITH and GATES, JJ., not sitting.