**SINGLETON et al. v. DISTRICT OF COLUMBIA.**

No. 11060.

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1952.

Decided June 19, 1952.

De Witt S. Hyde, Washington, D.C., with whom Arthur J. Hilland and James R. Murphy, Washington, D.C., were on the brief, for appellants.

Chester H. Gray, Principal Asst. Corporation Counsel for the District of Columbia, Washington, D.C., with whom Vernon E. West, Corporation Counsel, and Henry E. Wixon, Asst. Corporation Counsel, Washington, D.C., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the Municipal Court of Appeals for the District of Columbia in a civil action.

The District of Columbia, as a municipal corporation, issued an invitation for bids for an antiseptic solution for use in the public schools. Singleton & Yutzler Co., a partnership doing business in New York City, submitted a bid in the sum of $7,530.15. The bid, according to its terms, was "in strict accordance with the Instructions to Bidders and General conditions and Specifications of this proposal". The bid also stated that Singleton & Yutzler Co. "agrees upon receipt of written notice of the acceptance of this proposal to execute, if required, a formal contract in strict accordance with the proposal as accepted, within ten (10) days after being called upon to do so." The bid was addressed to the Purchasing Officer, D.C., as the contracting officer appointed by the Commissioners of the District of Columbia pursuant to an act of Congress. The General conditions incorporated in the invitation and in the bid contained a provision as follows:

"3. Contract.—The bidder to whom award is made must, when required, enter into a written contract within ten (10) days after being called upon to do so. (See in this connection Sec. 2, Act of Congress of December 20, 1944, 58 Stat. U.S., pp. 821–822) which latter Act provides that no contract of $1,000 or more entered into on behalf of the District of Columbia by a contracting officer appointed pursuant to this Act (Purchasing Officer, D.C., so appointed) shall be binding upon said District of Columbia, or give rise to any claim or demand against said District of Columbia until approved by the Commissioners of the District of Columbia, or a majority of them, sitting as a Board."

In due course the bid of Singleton & Yutzler Co. was approved by the Purchasing Officer, and the Company was so advised in the following language:

"Approved, subject to execution of a formal contract by the successful bidder and the Purchasing Officer, D. C. (Contracting Officer) and approval by the Commissioners, D.C., or a majority of them sitting as a Board, as provided by law. Contract forms from the Contract Section will follow. Purchase orders will be issued immediately following approval of contract."

Thereafter the Purchasing Officer forwarded to Singleton & Yutzler Co. contract forms for execution.

Singleton & Yutzler Co. did not execute the formal contract but, on the contrary, declined to do so. Instead the Company advised the Purchasing Officer that, although the bid had been submitted in all good faith, the Company had been subsequently advised that the material could not be furnished by its supplier because of a franchise agreement between the supplier and the supplier's representative in Washington. The Company requested the Purchasing Officer to cancel the bid. The Purchasing Officer replied that the District government could not relieve the Company of the bid or rescind the award, in view of the explicit instructions to bidders which formed a part

of the invitation and of the bid and which contained the provision: "Neither law nor regulations make allowance for errors of omission or commission on the part of bidders." The Purchasing Officer advised that under the circumstances he had no alternative other than to buy the materials· from another source and bill the Company for any excess cost occasioned the District by that action. He gave the Company another opportunity within five days to execute the contract.

The contract not being executed, the District government purchased ·the materials from another source at a cost of $813.61 in excess of the bid price. The District of Columbia then filed in the Municipal Court for the District of Columbia a complaint against Singleton & Yutzler Co. for the recovery of $813.61 plus interest and costs. That court granted the defendants' motion to dismiss the complaint on the ground that under the admitted facts there was no valid contract but only the submission of a bid which was conditionally but not finally accepted. The Municipal Court of Appeals reversed upon the ground that a successful bidder could not refuse to execute a contract and thereby relieve himself of the consequences of his own default.[1] Upon petition we allowed this appeal.

Whether acceptance of the bid by the District contracting officer created a binding obligation upon the contractor depends upon the effect of the provisions of the bid itself and of the local statute. The statute[2] provides:

"The Commissioners of the District of Columbia are authorized to appoint such number of employees of the District of Columbia as they shall consider advisable as contracting officers, who, under the direction of the said Commissioners, may exercise any powers with respect to making and entering into contracts on behalf of said District of Columbia and administering said contracts that are now vested by law in the said Commissioners, except as herein otherwise provided; but

no contract of $1,000 [increased to $3,000 by Act of Aug. 16, 1949, Pub.L. No. 230, 81st Cong., 1st Sess., 63 Stat. 607] or more entered into on behalf of said District of Columbia by any contracting officer appointed pursuant to sections 1–244 to 1–249 shall be binding upon said District of Columbia, or give rise to any claim or demand against said District of Columbia, until approved by the Commissioners of the District of Columbia, or a majority of them, sitting as a Board."

Singleton and Yutzler contend that under this statute the contracting officer was not authorized to enter into contracts of $3,000 or more and that hence his approval of their bid was without effect. But we think the statute does authorize the contracting officer to enter into contracts, not merely to negotiate for them. This is clearly indicated by the provision respecting approval by the Commissioners, which refers to a contract "entered into on behalf of said District of Columbia by any contracting officer". The approval of the bid by the contracting officer constituted an award within the meaning of the bid provisions, above quoted, and required the successful bidders to "enter into a written contract within ten (10) days after being called upon to do so." Singleton and Yutzler, in order to avoid the binding effect of the acceptance of their bid, rely upon their refusal to enter into a written contract. But we think they cannot escape liability by availing themselves of their own failure to execute a formal contract, so long as the written document submitted to them conformed to the invitation and the bid.

Singleton and Yutzler also say that, even if the contracting officer's approval did constitute an award within the meaning of the bid provisions, the statute which relieves the District from liability until approval by the Commissioners must also be construed to confer a similar benefit upon them as contractors. But we agree with the Municipal Court of Appeals that this statute "was clearly enacted for the benefit of the District and not for parties contracting with the District." The Supreme

---

1. District of Columbia v. Singleton, D.C. Mun.App.1951, 81 A.2d 335.

2. 58 Stat. 821 (1944), D.C.Code § 1–245 (1940) (Supp. VII).

948

Court held to that effect in respect to a similar federal statute.[3]

There is no novelty in the practice, under statutes, that bids to and acceptances by public bodies do not constitute the full and final contracts, and that the binding of the public body awaits the execution of formal written documents. This practice appears to be involved in the cases in which a statute, or an invitation to bid, provides that a bid may not be withdrawn and that a bid bond or deposit must accompany the bid as security for the execution of a formal contract by the bidder.[4] Pending that formal contract the public body is not bound, the cases clearly recite. The majority of these cases hold that a bidder may not recover his deposit, if his bid is accepted and he refuses to execute a contract, in the absence of circumstances justifying cancellation of his bid under equitable principles. Such cases clearly contemplate the existence of an obligation on the part of the bidder prior to the creation of a contract which will bind the public body.

The Municipal Court of Appeals wrote an extensive opinion in the present case, with which we agree. Its judgment is therefore

Affirmed.

3. Clark v. United States, 1877, 95 U.S. 539, 24 L.Ed. 518; United States v. New York P. R. S. S. Co., 1915, 239 U.S. 88, 36 S.Ct. 41, 60 L.Ed. 161; Ackerlind v. United States, 1916, 240 U.S. 531, 36 S.Ct. 438, 60 L.Ed. 783. See also Waters v. United States, 1932, 75 Ct.Cl. 126.

4. 43 Am.Jur., Public Works § 62, p. 804; Mayor, Etc., of Baltimore v. J. L. Robinson Const. Co., 1914, 123 Md. 660, 91

A. 682, annotated in L.R.A.1915A, p. 225; Wheaton Building & Lumber Co. v. City of Boston, 1910, 204 Mass. 218, 90 N.E. 598; Scott v. United States, 1909, 44 Ct. Cl. 524. And see Northeastern Const. Co. v. City of Winston-Salem, 4 Cir., 1936, 83 F.2d 57, 61, 104 A.L.R. 1142 Contra: Gray Const. Co. v. City of Sioux Falls, 1920, 43 S.D. 395, 179 N. W. 497; see McQuillin, Municipal Corporations § 29.67 (3d ed. 1950).