## UNITED STATES OF AMERICA *v.* NEW YORK AND PORTO RICO STEAMSHIP COMPANY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 44.  Argued November 3, 1915.—Decided November 15, 1915.

Even if a statute declares a transaction void for want of certain enumerated forms, the party for whose protection the requirement is made may waive it; void in such cases meaning only voidable at that party's choice.

The object of Rev. Stat., § 3744, providing that certain officers of the Government reduce all contracts to writing, is to furnish the needed protection for the United States and not for the private individual who does not need such protection; and, notwithstanding informality of execution on the part of the Government, if the other contracting parties did actually contract, he can be held to performance.

209 Fed. Rep. 1007, reversed.

THE facts, which involve the construction of § 3744, Rev. Stat., and the liability of a contractor on a contract with the Government for transportation of coal, are stated in the opinion.

*The Solicitor General*, with whom *Mr. Robert Szold* was on the brief, for the United States:

Revised Stat., § 3774, is no bar to suit by the Government on executory parol contracts.

The statute does not render the contract illegal but only unenforceable. It affects not the validity of the contract but the remedy thereon. *Clark* v. *United States*, 95 U. S. 539; *St. Louis Hay Co.* v. *United States*, 191 U. S. 159; *United States* v. *Andrews*, 207 U. S. 229; Browne on Stat. of Frauds, 5th ed., § 115a.

Revised Stat., § 3774, is solely for the protection of the

Government. *Clark* v. *United States, supra; Dollar Savings Bank* v. *United States,* 19 Wall. 227; *United States* v. *Verdier,* 164 U. S. 213.

The Government may waive compliance with statutory forms required for its protection. *Bailey* v. *United States,* 109 U. S. 432; *McGowan* v. *Parish,* 237 U. S. 285, 294, 295, and cases cited.

Since the Government is not expressly named in the statutes, its remedy by suit on a valid common-law contract is not barred.

The Government may take the benefit of a statute, but it is not bound thereby unless expressly named. *Stanley* v. *Schwalby,* 147 U. S. 508, 514; *S. C.,* 162 U. S. 255.

The signed offer and acceptance in writing constitute compliance with the statute. *Adams* v. *United States,* 1 Ct. Cl. 192; *Johnston* v. *United States,* 41 Ct. Cl. 76.

The statute does not apply to executed contracts and is no bar to suit on a parol contract after performance by plaintiff. *St. Louis Hay Co.* v. *United States,* 191 U. S. 159, 163; *United States* v. *Andrews,* 207 U. S. 229.

*Mr. James H. Hayden,* with whom *Mr. Norman B. Beecher* and *Mr. Ray Rood Allen* were on the brief, for defendant in error:

The breach of contract complained of could not have occurred for there was no contract to break. The company never became obligated to furnish the transportation or to indemnify the United States.

The transportation of the Navy Department's coal to San Francisco was a matter from which it alone could derive benefit. In procuring the diversion of the Baker Company's steamers the Department did not relieve the New York and Porto Rico Steamship Company of any obligation to furnish transportation, for no such obligation had been assumed. The United States cannot recover on *quantum meruit.*

In support of these contentions, see *Adams* v. *United States*, 1 Ct. Cls. (N. & H.) 192; *American Dredging Co.* v. *United States*, 49 Ct. Cls. 350; *Clark* v. *United States*, 95 U. S. 539; *Cooke* v. *United States*, 91 U. S. 389; *Danolds* v. *United States*, 5 Ct. Cls. 65; *Gillespie* v. *United States*, 47 Ct. Cls. 310; *Henderson* v. *United States*, 4 Ct. Cls. 75, 81, 84; *Johnston* v. *United States*, 41 Ct. Cls. 76 and 46 Ct. Cls. 616; *Langford* v. *United States*, 101 U. S. 341, 342; *Levy* v. *Bush*, 45 N. Y. 589, 596; *McLaughlin* v. *United States*, 37 Ct. Cls. 150, 185; *Monroe* v. *United States*, 184 U. S. 524; *Montecute* v. *Maxwell*, 1 P. Williams, 518; *Nichols* v. *Mitchell*, 30 Wisconsin, 329, 332; *Richmond Iron Co.* v. *Chesterfield Coal Co.*, 160 Fed. Rep. 832; *Russell* v. *Le Grand*, 16 Massachusetts, 35; *St. Louis Hay Co.* v. *United States*, 191 U. S. 159; *Seymour* v. *Cushway*, 100 Wisconsin, 580, 592; *South Boston Iron Co.* v. *United States*, 118 U. S. 37; 18 Ct. Cls. 165; *Southern Pacific Co.* v. *United States*, 28 Ct. Cls. 77, 105; *Purcell Envelope Co.* v. *United States*, 47 Ct. Cls. 24; *United States* v. *Andrews & Co.*, 207 U. S. 229; *United States* v. *N. A. C. Co.,* 74 Fed. Rep. 145, 151; *Wheeler* v. *Reynolds*, 66 N. Y. 227, 234; Cong. Globe, Vol. 31, pp. 276, 369, 390, 403, 421; Vol. 32, p. 206; 3 Jones Com. on Evidence (1913), § 412, p. 68.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by the United States to recover the increased cost of transportation for coal, above a price that the defendant had agreed to accept for the service; the latter having notified the Government that it would not furnish the steamers agreed. There is no dispute as to the facts. On November 9, 1909, the plaintiff requested in writing that the defendant make a tender for the transportation of not less than 8,000 tons of coal from certain Atlantic ports at the option of the plaintiff to Mare Island or San Francisco, with stipulations as to

time.   On November 13 the defendant submitted an offer which the plaintiff accepted by telegraph on the same day. On November 15 the defendant wrote acknowledging the telegram and saying that it could advise in due course what steamers it would tender.   There was further correspondence on the footing of a mutual contract, but on December 14, the defendant's attorney wrote stating that it believed that a combination had been made with intent 'to cause it to make default under its engagement to your Department or else to suffer heavy loss,' and requesting the plaintiff to procure the transportation if it could be done at reasonable cost, letting the writer know the terms of any contract before it was closed.   The plaintiff thereupon got the transportation elsewhere.   The declaration is in three counts; two upon the contract and a third for money paid at the defendant's request.   At the first trial the plaintiff had judgment.   197 Fed. Rep. 995.   This judgment was reversed by the Circuit Court of Appeals.   206 Fed. Rep. 443.   124 C. C. A. 325.   At a second trial on this same record both parties moved that a verdict be directed, and a verdict was directed for the defendant.   The judgment was affirmed by the Circuit Court of Appeals.   209 Fed. Rep. 1007.   126 C. C. A. 668.

The only matter for our consideration is whether the court below was right in ruling as matter of law that there was no binding contract, and therefore we may lay on one side some details that were dwelt upon by the defendant but that do not affect this question.   The ground of the defence is Rev. Stats., § 3744.   By this section it is made the duty of the Secretaries of War, the Navy and the Interior to cause every contract made by their authority on behalf of the Government 'to be reduced to writing, and signed by the contracting parties with their names at the end thereof'; all the copies and papers in relation to the same to be attached together by a ribbon and seal, &c. A formal proposal, varying, the defendant says, from that

which was accepted in the letters, was sent to the defendant, and received by it on December 11, but never was signed, and the defendant contends that, however it might be otherwise, the statute makes the informal agreement by correspondence void.

The statute does not address itself in terms to the effect of the form upon the liability of the parties, like the Statute of Frauds. Whatever effect it has in that way is not a matter of interpretation in a strict sense, but is implied. The extent of the implication is to be gathered from the purpose of the section and such other considerations as may give us light. The section originally was part of the Act of June 2, 1862, c. 93, 12 Stat. 411, and its purpose is manifested by the scope of the act and its title. It is called "An Act to prevent and punish Fraud on the Part of Officers intrusted with making of Contracts for the Government," and this was recognized as the purpose in *Clark* v. *United States*, 95 U. S. 539. In that case some of the Justices thought that the decision went too far in treating the section as a statute of frauds even in favor of the United States; and while it is established that a contract not complying with the statute cannot be enforced against the Government, it never has been decided that such a contract cannot be enforced against the other party. The prevailing opinion cannot be taken to signify that the informal contract is illegal since it went on to permit a recovery upon a *quantum valebat* when the undertaking had been performed by a claimant against the United States. *United States* v. *Andrews*, 207 U. S. 229, 243. Of course the statute does not mean that its maker, the Government, one of the ostensible parties, is guilty of unlawful conduct, or that the other party is committing a wrong in making preliminary arrangements, if later the Secretary of the Navy does not do what the act makes it his duty to do.

There is no principle of mutuality applicable to a case

like this, any more than there necessarily is in a statute requiring a writing signed by the party sought to be charged. The United States needs the protection of publicity, form, regularity of returns and affidavit, Rev. Stats., §§ 3709, 3718–3724, 3745–3747, in order to prevent possible frauds upon it by officers. A private person needs no such protection against a written undertaking signed by himself. The duty is imposed upon the officers of the Government not upon him. We see no reason for extending the implication of the act beyond the evil that it seeks to prevent. Even when a statute in so many words declares a transaction void for want of certain forms, the party for whose protection the requirement is made often may waive it, void being held to mean only voidable at the party's choice.

*Judgment reversed.*