Graham, Judge,
delivered the opinion of the court:
In August, 1917, plaintiff was in the business of buying,, manufacturing, and selling coconuts and coconut products,, and had its principal office in the city of New York. Sometime in that month Lieut. H. B. Foster, of the Sanitary-Corps, United States Army, who had no authority to make a contract binding the Government, offered to purchase. *224 plaintiff’s entire output of coconut shells. The latter named a price of $5.60 per 2,000-pound ton, to which Lieutenant Foster agreed. Delivery was to commence at once, and deliveries did commence on the 20th of August, 1917, continuing up to the 30th of June, 1918, when a different arrangement was made for the succeeding year.
Plaintiff delivered within the period named 1,996.869 tons of shells for which it was paid (when it does not appear) at the rate of $4. It accepted payment but protested as to the price. In this action plaintiff is seeking to recover the • difference between the price claimed, $5.60, and $4, the price paid. All of the shipments were billed at $5.60.
On the 31st day of August, 1917, or a few days thereafter, a written contract was sent to plaintiff by the proper official of the War Department, the price named in which was $5.60. This contract was retained by plaintiff unsigned until the 14th of January, 1918, under the circumstances hereinafter stated. On the 9th of January plaintiff wrote to the Sanitary Corps requesting an increase of $2 a ton over the price named in this written contract. On the 12th of January it received from the Sanitary Corps a letter which, among other things, contained the following:
“ * * * You further inform us that in spite of the
fact that these contracts expressly stipulate that you are to give your entire output of coconut shells to this department you have been using a part of your output for fuel for creating heat in your boilers. We hereby order you, as we have requested on several occasions in the past, to supply us with your entire output of coconut shells.
“We further desire to have you immediately sign the contracts which have been in your hands for a long period of time.”
On January 14, in response to this letter, plaintiff signed and returned the said contract dated August 31, 1917, and it was received by the War Department. This contract was never signed on behalf of the United States. It was lost and has not been found and is not in the record. As stated, the consideration in it was $5.60 per ton, and it appears to have been for the plaintiff’s entire output for the duration of the war. Otherwise its terms are not shown.
*225 On February 14, 1918, the Secretary of War issued an order to plaintiff directing it to deliver its entire output of coconut shells for a fair and just compensation, which was fixed at $4 per short ton. This order purported to be under authority of section 120 of the national defense act of June 3, 1916 (39 Stat. 166, 213), which authorized the President “ to place an order ” for materials, and, if the order was not complied with or the materials were not furnished, to take over and operate the plant of the party to whom the order was given, naming certain penalties for failure to comply with the order.
As this formal contract which was sent to plaintiff and signed by it was never executed on behalf of the United States, it is not within the requirements of section 3744 of the Nevised Statutes. However, inasmuch as plaintiff supplied the material and the Government accepted and used it, that is to say, performed the undertaking, it would be permitted to recover upon a guantwm, vdlebat if not already paid on that basis. Clark v. United States, 95 U.S. 539; United States v. E.P. Andrews & Co., 207 U.S. 229, 243; United States v. N.Y. & Porto Rico S.S. Co., 239 U.S. 88, 92.
The findings fix the value of the material delivered at $4 per ton, and this is the price per ton at which plaintiff was paid, which disposes of plaintiff’s claim for recovery for the material delivered. In view of this conclusion it is unnecessary to discuss the effect of the order of the Secretary of War dated February 14, 1918, which fixed $4 per ton as a fair and just compensation.
A claim is also made for the value of certain bags in which the shells were delivered to defendant and which were not returned by the latter. The findings show that defendant failed to return 2,923 bags, the reasonable value of which at the time they were used was 25 cents apiece.The value of the unreturned bags, therefore, was $730.75. Judgment should be entered in favor of plaintiff in this amount, and it is so ordered.
Hay, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.