Jones, Judge,
delivered the opinion of the court:
In the years 1937 and 1938 the plaintiff made four contracts with the defendant for the sale or lease to the Interior and Treasury Departments of certain equipment. These contracts were duly performed by the plaintiff. Defendant concedes that plaintiff is entitled to payment of the sum of $10,857.35 except for such right as the defendant may have to offset such debt with certain claims asserted against the plaintiff under eleven other contracts hereinafter described. This is the only way in which the four contracts are involved in this suit.
Between February 1 and November 15, 1936, plaintiff entered into eleven contracts with the United States for *134 renting and servicing certain tabulators, sorters and other machines. Such contracts were made through H. S. Grimes, State Procurement Officer for the defendant at Baltimore, Maryland. These contracts, marked Exhibits A, B, C, D, E, F, G, H, I, J, and K, respectively, are attached to plaintiff’s petition.
The contracts were all on a monthly basis for a stipulated monthly rental. They were for an indefinite period and were therefore subject to cancellation at the end of any month.
Two of the contracts, Exhibits I and J, as originally made, contained this provision:
The Government agrees that these machines shall be used by only one shift of clerks. In case two or more shifts of clerks are necessary, the rental shall be doubled.
The other nine contracts contained no provision on this subject. At the time these contracts were entered into both the defendant and the contracting officer of the Government apparently assumed that only one shift of clerks would be used.
Some time after the making of these contracts and while the equipment was in use by the Treasury Department at Baltimore, it came to the attention of plaintiff that some of the machinery was being used by more than one shift of clerks per day. Negotiations between plaintiff and defendant followed, in consequence of which on February II, 1981, letters were written to plaintiff signed by H. S. Grimes, defendant’s State Procurement Officer through whom the original contracts had been made. In these letters it was agreed that the nine contracts should be modified by providing that they should contain the following stipulation:
The Government agrees that this machine shall be used by only one shift of clerks: Provided, That in case more than one shift of clerks is necessary, the rental shall be doubled for the period that any machine is so used.
Copies of such letters are attached to plaintiff’s petition. The Procurement Division in Washington at first refused *135 matter and on February 15,1931, authorized the contracting; officer to thus modify or amend the nine contracts.
After the receipt of the letters some of the equipment: leased under the nine contracts identified as Exhibits A, B,. C, D, E, F, G, H, and K was used by two and in some instances by three shifts of clerks. Extra payment for such use was made to plaintiff by the Treasury Department on the presentation of vouchers therefor in the sum of $9,592.35, of which $9,367.35 was for use by a second shift and $225 for use by a third shift of clerks. Such payment was in addition to the payment duly made of the stipulated monthly-rental for the equipment as provided for in the contracts as originally made. In the same manner extra payments in the amount of $1,265 were made for use by a third shift of clerks of equipment leased under contracts identified as Exhibits I and J.
The validity of these extra payments was denied by the-General Accounting Office and the amount thereof was recouped by the General Accounting Office by setting them off against the amount due plaintiff on the four contracts referred to in the first part of this opinion.
The question of whether this offset was properly made by the General Accounting Office is the issue in the case.
The defendant admits that because of the written provision in the two contracts, exhibits I and J, double payment was proper when the machines were used by extra shifts, but insists that because of the peculiar wording of the proviso no extra rental should be allowed for any use-by a third shift. We agree with the position of the defendant as to these two contracts.
The defendant further contends that the attempted modification by the State Procurement Officer as evidenced by the letters of February 17 and May 20,1937, was not a valid modification and that plaintiff is not entitled to additional compensation on these nine contracts, notwithstanding the use by second and third shifts.
We cannot agree. The modification was made by the-same authority as entered into the original contracts, and' *136 was handled by same or Ford v. United States, 17 C. Cls., 60, 78. All these contracts were on a month-to-month basis and were subject to cancellation at the instance of either party.
It may well be that plaintiff would not have felt justified in continuing the original contracts with the additional wear and tear on the machines and the additional obligation of servicing on its part which the extra work involved and that therefore it would have cancelled the contracts but for the modification. At least it would have had the right to do so.
After the agreed modification the defendant accepted and made use of the machines by the terms of the modified agreement and these obligations were incurred on that basis. Having accepted and made use of the machines on the basis of the original agreement plus the modification, and having obtained the added use in this way, as well as the added servicing which the plaintiff was obligated to give the machines, we think plaintiff is clearly entitled to recover under the terms of the modified contracts. United States v. New York and Porto Rico Steamship Co., 239 U. S. 88, 93; Geo. G. Belt’s Executrix v. United States, 15 C. Cls., 92, 108.
However, in view of the wording of the proviso in the modified contracts which followed similar language in the two contracts identified as Exhibits I and J, we do not think plaintiff is entitled to recover anything for the use by a third shift. The language in the modification is as follows:
* * * The Government agrees that this machine shall be used by only one shift of clerks: Provided, That in case more than one shift of clerks is necessary, the rental shall be doubled for the period that any machine is so used.
We construe this language to provide that the rental shall be doubled where extra hours of service were used, but that it should only be doubled regardless of the number of hours or shifts that might be used.
The plaintiff is entitled to recover the sum of $10,857.35 less the amounts claimed as extra rental for the use by third shifts in connection with all eleven contracts, or a net of $9,367.35. It is so ordered.
*137 Madden, Judge, took no part in the decision of this case.
Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.