## ADELHARDT CONST. CO. v. UNITED STATES.

### No. 49938.

United States Court of Claims.

Oct. 7, 1952.

Orin de Motte Walker, Washington, D. C., for plaintiff.

John B. Miller, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for the defendant. Gordon F. Harrison, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

Plaintiff is suing for recovery of monies allegedly illegally withheld by the defendant under a Quartermaster contract with plaintiff dated November 12, 1948. Defendant seeks to justify the withholding of such monies on the ground that plaintiff was indebted to the Government in the amount in question by virtue of the failure by plaintiff to perform another contract allegedly made in 1944 with the Public Buildings Administration, Federal Works Agency, for the construction of a recreation building at Chester, Pennsylvania.

Plaintiff denies that it was ever obligated on the alleged recreation building contract. Plaintiff concedes that it submitted a bid on such a project, but asserts that the defendant was without legal power to accept such bid by reason of the failure of plaintiff to file a bid bond with the bid, as required by the invitation to bid.

The material facts are not in dispute. After submission of its bid plaintiff was advised that its surety agent was unable to furnish the bid bond, and that its bid could not be considered until such bond was furnished. Plaintiff requested further time to arrange for the bid bond. On August 19, 1944, plaintiff was again advised that its bid bond had not been received, and that a recommendation would be made that the bid be ignored if the bond was not provided. On August 22, 1944, plaintiff was advised by telegram that such a recommendation was being made.

Also on August 22—whether prior or subsequent to receipt of such telegram is not shown—plaintiff wired defendant that " * * * If You Award Contract To Us Including The Furniture We Will Furnish A Performance Bond." No mention was made of the bid bond. By telegram and letter of August 23, plaintiff again expressed its willingness to execute the necessary performance and payment bonds. On August 30, 1944, plaintiff was notified by the Commissioner of Public Buildings that its proposal for construction of the recreation building had been accepted.

Plaintiff informed defendant on September 5, 1944, that
> " * * * due to certain Labor conditions and to avoid any trouble at all and complete the building on time, we must use sub-contractors who are located in the area in which the job is located. * * *"

necessitating increased costs of almost $20,-000 over plaintiff's original costs. Plain-

tiff offered to perform the contract at actual cost if the Government would allow the additional costs. The Government refused to vary the terms of the contract, and notified plaintiff that if it failed to sign the formal written contract and to furnish performance and payment bonds in accordance with the specifications the work would be performed by other means, and plaintiff would be charged with the excess costs. Plaintiff failed to do any of these things, and now contends there was never any contract in the first place.

Defendant had the work performed by another contractor (the next lowest bidder) at a cost in excess of that bid by plaintiff. It was this excess cost which defendant withheld from the payments on plaintiff's 1948 Quartermaster contract, and which plaintiff here seeks to recover.

The parties agree that the principal issue is whether the Government was empowered to accept plaintiff's bid, notwithstanding that it was submitted without a bid bond.

Section 8(c) of the General Conditions in the invitation to bid provided that "bids in excess of $2000 shall be accompanied by a bid guarantee * * *". Section 12.22, Paragraph 8,[1] of the Rules and Regulations appended to Title 41 U.S.C., § 54.12, subd. 8, 41 U.S.C.A.Appendix, Public Contracts, provided *inter alia* that

> "Where security is required to insure the execution of contract and bond for performance of the service, no bid will be considered unless it is so guaranteed."

These provisions are obviously intended for the benefit of the Government. Regardless of factual variations which may define the limits to such principle, it is well established that there are circumstances in which a party for whose protection a requirement is made may waive that requirement. United States v. N. Y. & Porto Rico S. S. Co., 239 U.S. 88, 93, 36 S.Ct. 41, 60 L.Ed. 161. Furthermore, the General Conditions in the invitation to bid contained a provision expressly reserving to the Government the right to waive any informality in bids received when in the interests of the Government. The Rules and Regulations appended to Title 41, supra, contained a similar provision.

It is clear also from plaintiff's letter and telegram of August 23, 1944, that plaintiff still sought the contract, and still considered that its offer was outstanding.

Accordingly we hold that in the circumstances disclosed here the defendant was not legally powerless to accept the plaintiff's bid. A contractual relationship was established between the parties, which was violated by plaintiff's failure to perform.

The subsidiary points suggested by plaintiff are without merit and the cited cases inapposite.

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted and the plaintiff's petition is dismissed.