**HARTFORD ACCIDENT & INDEMNITY COMPANY**

v.

**The UNITED STATES.**

Nos. 49844, 49845.

United States Court of Claims.

Jan. 11, 1955.

Charles C. Hartman, Baltimore, Md., Stanley E. Hartman, Baltimore, Md., on the briefs, for plaintiff.

Kathryn H. Baldwin, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff, in case No. 49844, was the surety on a bond guaranteeing performance of a contract between the Richland Construction Company and defendant for the construction of certain drainage ditches in the state of Missouri. In case No. 49845 it was the surety on a bond guaranteeing performance of a contract between Bozeman and Gray and defendant for the construction of an item in the Fondale Levee, East Bank, Ouachita River, in the state of Louisiana.

Both contractors defaulted and the surety completed both contracts, but not until after the completion date in each contract. The defendant assessed against the surety not only the excess cost to the government incident to the contractors' default, but also liquidated damages for the delay in completion. Plaintiff says the defendant cannot assess liquidated damages where it has terminated the right of the original contractor to proceed. This is the issue presented.

■ Article 9 of the contracts in these cases, relating to delays, differs from article 9 in the standard form of government contract, in that it renders liable the contractor and his sureties for the payment of both the excess cost of completion and also for the payment of liquidated damages for delay. Plaintiff says, however, that the Supreme Court, in United States v. American Surety Company, 322 U.S. 96, 64 S.Ct. 866, 88 L.Ed. 1158, under the standard form of contract, held that where the government had terminated a contractor's right to proceed, it could not also assess liquidated damages; and it further says that defendant was without power to deviate from this standard form of contract.

The latter position is not well taken.

Plaintiff relies on section 54.1 of the rules and regulations relative to public contracts, Title 41 U.S.C.A.Appendix. This reads:

"Except as otherwise authorized, the following standard forms shall be used without deviation by all Executive agencies for or in connection with every formal contract of the kinds specified that may be entered into by them:

\* \* \* \* \* \*

"(c) *Construction contracts.*

"(1) U. S. Standard Form No. 23–Rev., approved by the Secretary of the Treasury, Revised April 3, 1942—for fixed-price contracts for the construction or repair of public buildings or works. \* \* \* "

However, it is well settled that these regulations were for the benefit of the government and that a third party cannot complain of any deviation therefrom.

In United States v. New York and Porto Rico S. S. Company, 239 U.S. 88, 92, 36 S.Ct. 41, 42, 60 L.Ed. 161, the Supreme Court said:

"\* \* \* while it is established that a contract not complying with the statute cannot be enforced against the government, it never has been decided that such a contract cannot be enforced against the other party."

In Perkins v. Lukens Steel Co., 310, U.S. 113, at page 129, 60 S.Ct. 869, at page 877, 84 L.Ed. 1108, the Supreme Court said:

"\* \* \* In this legislation [the Public Contracts Act] Congress did no more than instruct its agents who were selected and granted final authority to fix the terms and conditions under which the Government will permit goods to be sold to it. The Secretary of Labor is under a duty to observe those instructions just as a purchasing agent of a private corporation must observe those of his principal. In both instances prospective bidders for contracts derive no enforceable rights against

the agent for an erroneous interpretation of the principal's authorization. For erroneous construction of his instructions, given for the sole benefit of the principal, the agent is responsible to his principal alone because his misconstruction violates no duty he owes to any but his principal. The Secretary's responsibility is to superior executive and legislative authority. Respondents have no standing in court to enforce that responsibility or to represent the public's interest in the Secretary's compliance with the Act. * * *"

Indeed, in United States v. American Surety Company, supra, 322 U.S. at page 101, 64 S.Ct. at page 869, on which plaintiff relies, the court said:

"No statutory language or policy forbids the Government and a contractor from stipulating for liquidated damages in limited situations only. * * * Since we are not justified in rewriting the clear provisions of the contract to include what might well have been but was not inserted, the judgment below must be affirmed."

If a contracting officer had failed to comply with the regulations, the Government might escape liability on the ground that he was not authorized to enter into a contract not conforming to them; but, since the regulations were promulgated for the benefit of the Government, and not for the benefit of any one else, the other party to the contract cannot complain that the regulations were not complied with.

█ Moreover, it must be presumed that when the surety executed its performance bonds it was aware of the terms of the contracts and was thus aware that the contracts provided not only for the assessment of excess costs for the default of the contractors, but also for the assessment of liquidated damages. We cannot conceive that the surety was not actually aware of this fact, but if it did not have actual knowledge of the terms of the contracts, it at least had constructive knowledge of them. The plaintiff having executed the bonds with knowledge of the contracts, and having received the premiums for the execution of the bonds, it is now estopped to assert that the contracts were executed without authority and were not binding on it.

Moreover, after default by the original contractors, supplemental contracts were entered into between defendant and the surety, which read:

"It is understood and agreed that on account of the foregoing modifications of said contract, additional time will not be allowed and that no change will be made in the contract amount. * * *

"All other terms and conditions of said contract as it heretofore may have been modified shall be and remain the same."

So, whether plaintiff had actual knowledge of the terms of the original contracts at the time it executed its performance bonds, it certainly had knowledge of them at the time it entered into these supplemental agreements, and they provided that article 9, authorizing the assessment of both excess costs and liquidated damages, should remain in full force and effect.

█ As a matter of fact, the War Department, which executed the contracts on behalf of the defendant, was of the opinion that it had the authority so to contract by virtue of the First War Powers Act of 1941, sec. 201, 55 Stat. 838, 50 U.S.C.A.Appendix, § 611. Pursuant to this Act, the President issued Executive Order 9001, 6 F.R. 6787, 50 U.S.C.A.Appendix, § 611 note, which provided that the War Department and the Navy Department and the United States Maritime Commission "be and they hereby respectively are authorized within the limits of the amounts appropriated therefor to enter into contracts and into amendments or modifications of contracts heretofore or hereafter made, and to make advance, prog-

**568**

ress, and other payments thereon, *without regard to the provisions of law relating to the making, performance, amendment, or modification of contracts."* (Italics ours.)

The contracts in question, which were on "W. D. Contract Form No. 2," were issued, in the opinion of the War Department, under authorization of this Executive Order.

It seems clear that plaintiff's petitions must be dismissed. It is so ordered.

JONES, C. J., and LARAMORE, MADDEN, and LITTLETON, JJ., concur.