Chandler S. Knight, J.
On September 11, 1953, the defendants conveyed by warranty deed certain premises located in the Town of Amsterdam to the plaintiffs. Early in January, ' 1960, the plaintiffs discovered that the property they had purchased from the defendants had been sold at a tax sale on June 2, 1947, and were bid in by the County. Treasurer for the County of Montgomery and to which he issued a tax sale certificate. Subsequently, and on March 23, 1953, the County Treasurer *158 executed and delivered a deed of the premises to the County of Montgomery, which deed was recorded in the County Clerk’s office on March 24,1953.
The complaint alleges that default was made in the payment . of taxes which became due January 1,1946, at the time when the premises were owned by Peter Murcray.
Murcray conveyed the premises to the defendants by deed dated July 2, 1946, and title to the premises remained in the defendants until they conveyed them to the plaintiffs on September 11,1953.
The complaint also alleges that the plaintiffs did not discover the conveyance by the County Treasurer to the County of Montgomery until January 6, 1960. They thereupon petitioned the Board of Supervisors of Montgomery County for permission to purchase the premises and on January 18, 1960, the county conveyed the premises to the plaintiffs for a consideration.
In this action the plaintiffs seek to recover from the defendants the consideration the plaintiffs paid to the county and in addition attorney’s fees and other expenses involved in obtaining the deed from the county.
The defendants’ answer to the plaintiffs’ complaint and amended complaint is a general denial.
The parties now appear in court on a motion for summary judgment made by the plaintiffs and on a cross motion to dismiss the complaint made by the defendants.
In support of their motion the defendants contend that the County of Montgomery never obtained a valid deed to the premises and that the proceedings brought by the plaintiffs to obtain a deed from the county, and the payment of a consideration for it, were not necessary to clear the title to the premises, which title the plaintiffs believed to be “ doubtful, defective and unmarketable ’ ’, by reason of the tax sale and the tax deed to the county.
Several questions of law are raised on the motions but it is only necessary to consider one, that is, whether or not the deed dated March 23, 1953 from the County Treasurer to- the County of Montgomery conveyed a valid title.
Section 131 of the Tax Law provides that “ the owner of any certificate of sale of land sold by the comptroller or the department of taxation and finance for taxes * * * and not redeemed * * * must make application in writing to the department of taxation and finance for a conveyance of the land described in the certificate within four years after the expiration of one year from the last day of the sale. If an application for a conveyance is not made as herein provided, the certificate *159 shall become void, and no claim can be maintained under the purchase.” This exception applies with equal force and effect in favor of any county in respect to purchases made for any such county. (Tax Law, §§ 154,158.)
Section 131 further provides that “ every such conveyance shall be presumptive exidence that the sale and all proceedings prior thereto * * * were regular and in accordance with all the provisions of law relating thereto. After two years from the date of such conveyance such presumption shall be conclusive ’
According to the original complaint in this action, a sale of the premises was held on June 2, 1947, the last day of the sale, and the premises were bid in by the County Treasurer for the amount of the unpaid taxes plus interest and expenses of the sale. It was agreed by the parties that on March 23, 1953 the County Treasurer conveyed by deed the premises sold at said sale to the County of Montgomery, which deed was duly recorded on March 24, 1953. The period of time between the last day of the sale and the date of the conveyance to the county was 5 years, 9 months and 21 days.
Section 131 of the Tax Law quoted above states that if application for a conveyance is not made within five years the tax sale certificate shall become void.
The word c ‘ void ’ ’ means that an instrument or transaction is nugatory and ineffectual so that nothing can cure it. It means that which has no force and effect, is without legal efficacy, is incapable of being enforced by law. The word “void” is used in statutes in the sense of utterly void so as to be incapable of ratification (United States v. New York & Puerto Rico S. S. Co., 239 U. S. 88).
The application by the owners of a certificate of sale for the issuance of a deed by the County Treasurer may be made orally or in writing. The preparation and execution of the deed by the County Treasurer is a ministerial act and the law presumes it to be consummated promptly. (1945 Atty. Gen. 284.)
The plaintiffs claim that the two-year Statute of Limitations provided for in section 131 has expired, thus preventing the defendants from any claim that the tax sale deed is void. They further contend that, since two years have elapsed from the date of the conveyance as provided in section 131 and since more than two years have elapsed from the date of recording as provided in section 132, it is conclusive that the presumption of regularity applies to all proceedings theretofore had, including the issuance and recording of the deed from the County Treasurer to the County of Montgomery,
*160 Section 132 has no application here. It is only effective when a valid conveyance is made under section 131; then the two-year Statute of Limitations would commence from the date of recording of the deed. It cannot be construed that the Legislature intended under section 132 that a void deed could be resurrected and its recording start the beginning of a two-year Statute of Limitations.
It is undisputed that an application for a conveyance was not made until more than five years and nine months after the last day of the tax sale. The certificate of sale of the premises therefore became utterly void and ineffectual. A conveyance of land based upon a void certificate of sale would be invalid, of no effect and a nullity and would constitute no conveyance at all. The tolling of the two-year Statute of Limitations never commenced.
It is the opinion of this court:
1. That the County Treasurer was barred by the provisions of section 131 from issuing a tax deed to the County of Montgomery, more than five years having passed since the last day of the tax sale;
2. The County of Montgomery had no valid tax title under the tax sale of June 2,1947, Avhich it could sell to the plaintiffs;
3. That the title of the premises involved continued in the defendants’ predecessors in title until the premises were conveyed by the defendants to the plaintiffs by deed dated September 11,1953;
4. That the petition by the plaintiffs to the County of Montgomery for permission to purchase the premises from the county was unnecessary and the deed which plaintiffs received from the County of Montgomery on January 16, 1960 is invalid;
5. That the defendants are not liable for the expenses of the plaintiffs in obtaining the deed of the premises from the County of Montgomery, nor for the consideration paid by them to the County of Montgomery.
For the reasons stated the plaintiffs’ motion for summary judgment is denied and the defendants’ motion for a dismissal of the complaint is granted. Submit order.